69    429
84    574

ARKANSAS CONSTRUCTION COMPANY *v.* MULLINS.

Opinion delivered June 22, 1901.

PROCESS—SERVICE ON CORPORATION.—A return of a writ directed against a corporation reciting delivery of a copy to one named therein as its agent is insufficient, since, if it was a domestic corporation, the writ should not have been served upon an agent except in the absence of the president, mayor, or chairman of the board of trustees, under Sand. & H. Dig., § 5669, and, if it was a foreign corporation, service of process should be either on an agent designated to receive service, as authorized by section 1323, or on an agent of such character that it would be fair to imply an authority to receive service, under section 5672, providing that "where the defendant is a foreign corporation, having an agent in this state, service may be on such agent."

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

### STATEMENT BY THE COURT.

On the 15th day of June, 1896, appellees, F. W. Mullins, J. W. Harris and T. S. Mullins, partners as the Texas Produce Company, instituted their action in the Little River circuit court against J. H. Hall and B. T. Collins, partners as Hall & Collins, upon a promissory note for $1,897, which plaintiff alleged was due and owing them by defendants, and asked for a judgment thereon.

On December 9, 1896, a writ of garnishment was issued by the clerk of said court, addressed to the sheriff of Miller county, Arkansas, reciting the institution of an action against the defendant upon a promissory note in the sum of $1,897, with interest thereon at the rate of 10 per cent. per annum, from February 2, 1896, etc., and commanding the garnishee to appear on the 1st day of the next January term of said court, which would be the 4th day of January, 1897, and answer what goods, chattels, moneys, credits and effects it had in its hands or possession belonging to said J. H. Hall, and to answer such further interrogatories as might be exhibited against it. The return of the sheriff on said writ is as follows: "State of Arkansas, county of Miller. I hereby certify that this writ came to my hands on the 14th day of De-

cember, A. D. 1896, at the hour of 1:30 p. m., and I have duly served the same, upon the same day, at the hour of 4:10 p. m., by delivering a true copy thereof to W. A. Williams, the agent of the within-named garnishee, at Texarkana, Miller county, Ark. Witness my hand this 14th day of December, A. D. 1896. James T. Dillard, Sheriff."

On January 13, 1897, judgment by default was rendered in favor of the plaintiff and against the defendants, J. H. Hall and B. T. Collins, for the amount claimed by the plaintiff. Plaintiff also on the same day took judgment by default against the following garnishee, Arkansas Construction Company, in the sum of $2,249.95.

The Construction Company brought up the cause, by an appeal granted by the clerk of this court.

*Read & McDonough,* for appellant.

There was no sufficient service upon appellant as a corporation, either foreign or domestic. Sand. & H. Dig., § 5669; 62 Ark. 144. If appellant is a foreign corporation, the return is not sufficient, because it does not show service upon an agent designated to receive service of process. Sand. & H. Dig., § 1323; 59 Ark. 583.

*Scott & Jones,* for appellees.

"Where the defendant is a foreign corporation, having an agent in this state, the service may be upon such agent." Sand. & H. Dig., § 5672: 48 Ga. 351; 33 S. E. 875. The return of the sheriff is proper and sufficient. The presumptions are all in favor of the regular discharge of duty by an officer. 4 Ark. 150; 40 Ark. 143.

HUGHES, J., (after stating the facts). The return of service on the writ of garnishment in this cause shows no sufficient service, because: (1) It does not appear from the record that the Arkansas Construction Company was a foreign or domestic corporation. If it was a domestic corporation, the return is not sufficient, because it does not show that the president of the company, mayor, and chairman of the board of trustees were absent when the service was made on an agent. Section 5669 provides that: "Where the defendant is a corporation, created by the laws of this state, the service of the summons may be upon the president, mayor, or chairman of the board of trustees, and, in case of the

absence of the above officers, then it may be served upon the cashier, treasurer, secretary, clerk or agent of such corporation." *Ark. Coal &c. Co.* v. *Haley,* 62 Ark. 144. (2) If the appellant was a foreign corporation, the return was insufficient, because it does not show that the agent upon whom service was had had been designated by the company to receive service of process. Section 1323, Sandels & Hill's Digest. (3) Because it does not appear from the return or any part of the record that the agent upon whom service was had was of such character of agent "as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service and that the law will and ought to draw such an inference." *Conn. Mut. Life Ins. Co.* v. *Spratley,* 172 U. S. 602.

Under such circumstances, where the corporation is doing business in the state, service upon such an agent is good, under section 5672, Sandels & Hill's Digest, as we held in the case of *Lesser Cotton Co.* v. *Yates, ante,* p. 396. Section 5672 is as follows: "Where the defendant is a foreign corporation, having an agent in this state, the service may be upon such agent." *Henrietta Mining & Milling Co.* v. *Gardner,* 173 U. S. 124. The character of the agent nowhere appears in the record, and the simple fact that he was agent (it may be, without any representative character from which authority might and ought to be implied on his part to receive service) is not sufficient.

Judgment reversed, and cause remanded, with directions to proceed in the cause; the appellant having entered his appearance by appealing in this cause.