NORMAN v. POOLE.

Opinion delivered January 18, 1902.

JUDICIAL GARNISHMENT—PRACTICE.—Where a writ of garnishment was issued in an action against the principal defendant, a final judgment against the garnishee will not be sustained if the record fails to show that judgment was first obtained against the principal defendant.

Appeal from Union Circuit court.

CHARLES W. SMITH, Judge.

Reversed.

*Pugh & Wiley,* for appellant.

A judgment against the defendant is a prerequisite to a valid judgment against the garnishee. 62 Ark. 616; 45 Ark. 271.

*Thornton* v. *Thornton,* for appellee.

RIDDICK, J. T. P. Poole brought an action before a justice of the peace against G. H. Parker, and had F. R. Norman, the appellant here, summoned as garnishee. On the return day of the writ of garnishment the garnishee failed to appear, and the justice of the peace gave judgment against her by default. From this judgment the garnishee appealed to the circuit court, and on a trial there judgment was again rendered against her, and she appealed to this court. No bill of exceptions was filed, and the evidence before the circuit court is not before us. We assume that the evidence was sufficient to support the judgment, and the only question here is whether there is error upon the face of the record.

The appellant contends that no judgment could be rendered against her in the action against the defendant Burke, and that the judgment was void for the reason that no separate action was commenced against her, and for the further reason that there was at the time of its rendition no judgment against the principal defendant, Burke. It has been frequently held in this state, since the adoption of the Civil Code, that a final judgment against one summoned as a garnishee in an attachment proceeding cannot be

rendered in the original action, but that the proper practice, when the garnishee makes default or refuses to pay over the proceeds in his hands, is to commence an original action to recover judgment against him. *St. Louis, I. M. & S. Ry. Co.* v. *Richter*, 48 Ark. 350; *Giles* v. *Hicks*, 45 Ark. 271.

These decisions were rendered before the passage of the act of April 8, 1889, in reference to judicial garnishments, and the amendatory act of April 19, 1895. Under the practice as regulated by these two acts, it is no longer necessary in all cases to commence a separate action against the garnishee in order to authorize the court to render a final judgment against him, but in the cases covered by these acts final judgments may be rendered against the garnishee upon default made by him, or when on a trial the court finds that he is indebted to the defendant in the original judgment.

It is difficult for us to say from the record in this case whether the plaintiff bases his garnishment proceedings on the acts referred to or not; but, conceding that this is so, and conceding that it was unnecessary to institute a new action against the garnishee, it was still necessary for the record to show a judgment against the defendant before a final judgment can be rendered against the garnishee. The proceeding against the garnishee is ancillary to that against the defendant. As the object of the garnishment is to reach money or property in the possession of the garnishee, and subject it to the payment of the judgment which the plaintiff may recover against the defendant, it follows that there can be no lawful judgment against the garnishee until after the judgment has been recovered against the defendant. Drake on Attachments, § 460; *Adler-Goldman Com. Co.* v. *Bloom*, 62 Ark. 616. When, as in this case, no new action is begun against the garnishee, but the proceedings against him is in the same action as that against the principal defendant, the judgment against such defendant is a part of the record in the garnishment proceeding. The record in the proceeding against the garnishee should show that a judgment has been rendered against the principal defendant, for that is the foundation upon which the judgment against the garnishee rests. We do not say that it is necessary that the judgment against the principal defendant should be copied in full in the record, but it should appear from the record in some way that a judgment has been rendered against the defendant. Now, we have carefully examined

the transcript in this case, and there is nothing to show or indicate that there has been any judgment against the principal defendant, except for costs in the justice's court. Neither the judgment against the garnishee rendered in the justice's court, nor that rendered in the circuit court, recites or refers to any such judgment. It may be that this defect in the record here is due to oversight of the clerk who prepared the transcript, but the point was made in the brief of appellant, and no attempt has been made to remedy such defect in the transcript, if it exists. We must therefore take it that the transcript reflects the facts, and we are of the opinion that the circuit court erred in giving final judgment against the garnishee, when there was no judgment against the principal defendant.

We have not overlooked the contention of counsel for appellee that the judgment appealed from was rendered by consent of the garnishee, but the record does not support such a contention. The record shows a judgment by default before the justice, and a trial *de novo* and judgment for plaintiff in the circuit court, from which the garnishee appealed. If the judgment was by consent, it should have been amended. As it stands here, the record shows to the contrary. For the error indicated, the judgment is reversed, and new trial granted.