ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v.
McDERMITT.

Opinion delivered June 21, 1909.

1. GARNISHMENT—INVALIDITY OF JUDGMENT AGAINST DEFENDANT—REMEDY OF GARNISHEE.—While a judgment against a garnishee cannot lawfully be rendered until a judgment has been rendered against the defendant in the main action, the remedy of the garnishee, where the judgment rendered against the defendant is void for this reason, is not to apply for certiorari to quash such judgment but to set up such invalidity as a defense in the garnishment proceeding, and if a judgment be recovered against him therein his remedy outside of the court in which it was rendered would be by appeal or writ of error, unless his appeal was lost without fault on his part. (Page 116.)

2. CERTIORARI—LOSS OF RIGHT OF APPEAL.—A petition for certiorari to review a judgment against petitioners rendered in a mayor's court which alleges that petitioner mailed to the mayor an affidavit and bond for appeal, which petitioner believes was received by the mayor, but that same have been lost or mislaid, fails to show that petitioner lost the right of appeal without fault, since, if the papers were received in time, he could have supplied them on proof of loss, and, if they were not received in time, he still had time to ascertain that fact and perfect the appeal. (Page 116.)

Appeal from Baxter Circuit Court; *John W. Meeks,* Judge; affirmed.

*Horton & South, E. B. Kinsworthy* and *Lewis Rhoton,* for appellant.

1. The judgment was void for want of service of summons or appearance by him; also because there was no guardian *ad litem* for the minor. Kirby's Digest, § 6023-4; 40 Ark. 56. There must be a valid judgment on which to base garnishment. 32 Ark. 423; 70 Ark. 127; Drake on Att., 460, 711. A void judgment is no judgment. Freeman on Judgm. (3d Ed.), § 117; 1 Black on Judgm., § 70. A judgment without notice is void. Kirby's Digest, § 4424; 58 Ark. 181, 187; 43 Ark. 230; 52 Ark. 373. Garnishment proceedings are purely statutory, and the statute must be complied with. Drake on Att., § 451-451a; 14 A. & E. Enc. Law (2d Ed.), 739, 747, V. 1.

2. The circuit court passed on the question and declared the judgment void; this court will presume that the proper defense

and showing were made.   Kirby's Dig., § 6133 ; 51 Ark. 371 ; 26 Ark. 655; 55 Ark. 127.   Failure to move to make the petition more definite and certain waived the defect.   Kirby's **Dig.**, § 6147; 71 Ark. 562; 60 Ark. 45; 58 Ark. 13.

3.   Certiorari the proper remedy; the circuit court exceeded its jurisdiction, and the right of appeal was unavoidably lost.   52 Ark. 220; 15 Ark. 43; 25 Ark. 34; 25 Ark. 435; 44 Ark. 513.

*Allyn Smith,* for appellee.

1.   The proceeding was based on *due notice* served.   The evidence is not in the record, and this court will not review.   The writ was discretionary.   117 S. W. 770.

2.   Courts take judicial notice of all prior proceedings in a cause before them.   19 Wis. 539; 16 Kan. 475; 82 Ill. 188; 55 Tex. 193.

3.   Jones was served, and entered his appearance.   The return is sufficient, and the judgment, not being appealed from, cannot be collaterally attached.

4.   The application was for a preliminary writ of certiorari. Such a practice is unknown in our law.   Kirby's Dig., § 1.188, and sub. 3.

BATTLE, J.   This is an appeal from the order of the Baxter Circuit Court refusing to grant appellant a writ of certiorari compelling the mayor of the incorporated town of Cotter to send up the record in the case of Theressa McDermitt, plaintiff, *v.* J. L. Jones, defendant, St. Louis, Iron Mountain & Southern Railway Company, garnishee.   The petition for certiorari was as follows:

"Comes the garnishee in the above cause and shows to the court, that on the 8th day of April, 1908, C. T. Cannady, as mayor of the incorporated town of Cotter, Baxter County, Arkansas, entered a judgment by default against the garnishee in this cause for $43.41, a copy of which is herewith filed as 'Exhibit A' hereto.   That on the 25th day of April, 1908, Tom M. Mehaffy, as attorney for said garnishee, made the necessary affidavit for an appeal from said judgment, and executed a good and sufficient bond therefor, and sent the same by due course of mail to H. D. Routzong, mayor of said town, successor in office

to said C. T. Cannady, and affiant believes the same was received at said office of said mayor on the 26th day of April, 1908, and has been lost or mislaid. That on the 8th day of June, 1908, Z. M. Horton, attorney for said garnishee, made and offered to file with said mayor, H. D. Routzong, the necessary affidavit and bond to perfect said appeal, which filing was refused by the court. It further said, the judgment against J. L. Jones on which said garnishment was issued was and is absolutely void, and had been so declared by the Baxter Circuit Court, on motion of said J. L. Jones, before the issuance of said garnishment. That said judgment was a judgment entered against a minor without an answer by his guardian or guardian *ad litem,* and is without jurisdiction and void. Wherefore said garnishee prays the court to make an order extending the time for perfecting said appeal, and that the same be allowed by this court, or that this petition be taken and considered as an application for certiorari, and that all the necessary orders be made to bring said judgments and proceedings into this court, and that said judgments be quashed. and for all proper relief."

"Exhibit A" referred to in the petition was as follows:

"On the 23d day of August, 1907, issued garnishment and summons against the defendant, returnable on the 2d day of September at 10 o'clock A. M., and delivered the same to 'Charley Moore, marshal of the incorporated town of Cotter. On the 2d day of September the said writ having been returned duly served on the defendant as follows: 'Received the within writ the 23d day of August, 1907, and served the same on the 23d day of August, 1907, by delivering a copy thereof to J. McDermitt, the person with whom the said defendant lived, and said defendant being a minor over the age of fourteen years, and said minor not being at home, all in the town of Cotter, Baxter County, Arkansas;' and this cause coming on for trial on the 2d day of September, 1907, at 10 A. M., and, the defendant not appearing, the case was adjourned to 1 P. M., and, the defendant still not appearing, the court appoints J. B. Ward as guardian *ad litem,* and continues this case until September 3, 1907, at 9 A. M. And on this 3d day of September, 1907, this cause coming for hearing, and the plaintiff appearing by Allyn Smith, her attorney, and the defendant not appearing in person but appearing by his guardian

*ad litem* heretofore duly appointed; and it appearing that the defendant, J. L. Jones, was a minor over the age of fourteen years, and was duly served with summons as provided by law, and the court, having heard the evidence and being duly advised in the premises, doth find that the defendant, J. L. Jones, is indebted to the plaintiff for necessaries in the sum of $30.60 as alleged in her complaint; it is therefore considered, ordered and adjudged that plaintiff do have and recover of and from the defendant the said sum of $30.60, and that she recover her costs herein taxed at $.........., and hereof let execution issue.

"March 28, 1908, writ of judicial garnishment issued to the St. Louis, Iron Mountain & Southern Railway Company at the request of the plaintiff, returnable April 8, 1908, at 10 o'clock A. M.

"April 8, 1908. Now, on this day this case coming on to be heard, and the plaintiff appearing and the garnishee failing to appear, the court waits three hours and until 1 o'clock P. M., and the garnishee, still not appearing, makes default. And it appearing that writ of judicial garnishment heretofore issued had been duly served by leaving a copy thereof with J. W. Wooley, the station agent of the garnishee at Cotter, Baxter County, Arkansas, on the 28th day of March, 1908, and by said default said garnishee confesses that it has in its possession money of the defendant sufficient to satisfy the judgment of the plaintiff against defendant. It is by the court considered, ordered and adjudged that the plaintiff do have and recover of and from the garnishee, the St. Louis, Iron Mountain & Southern Railway Company, the amount of the judgment and costs recovered by the plaintiff against the defendant, to-wit: ($43.41) forty-three and 41-100 dollars, and hereof let execution issue."

On the 23d day of September, 1908, the foregoing petition came on for hearing in the Baxter Circuit Court, and the parties thereto entered their appearance, and the court, after hearing the petition, and "Exhibit A," denied the writ of certiorari prayed for, and rendered judgment against petitioners for cost, and they appealed.

It appears from the foregoing petition and exhibit that Theressa McDermitt brought an action on the 23d day of August, 1907, before C. T. Cannady, mayor of the incorporated

town of Cotter, against J. L. Jones, a minor, to recover $30.60 for necessaries furnished by her to him, and on the third day of September, 1907, recovered judgment against him for that amount; that plaintiff, Theressa McDermitt, on the 28th day of March, 1908, sued out a writ of garnishment against the St. Louis, Iron Mountain & Southern Railway Company upon the judgment recovered by her, returnable before the mayor of Cotter on the 8th day of April, 1908, on which day it was returned duly served; and that, the garnishee having failed to appear on the day summoned, the mayor rendered judgment against it for $43.41. To quash this judgment appellant asked for a writ of certiorari.

Appellant insists that the judgment against it should be quashed, because there was no service of summons on Jones in the action against him before the mayor, no legal appointment of a guardian *ad litem,* and no appearance by him in that action, and by reason thereof the judgment against him was void.

It is true that a judgment against the garnishee cannot lawfully be rendered until judgment has been rendered against the defendant in the main action. *Norman* v. *Poole,* 70 Ark. 127. But where that judgment has been rendered, and cannot be enforced on account of failures to comply with the statutes, such failures should be set up by the garnishee as a defense. The statute provides that when any plaintiff may have obtained a judgment, and shall have reason to believe that any other person is indebted to the defendant, or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to such defendant, such plaintiff may sue out a writ of garnishment, setting forth such judgment and commanding the officer charged with the execution thereof to summon the person therein named, as garnishee, etc. By such writ the garnishee is called upon to set up any defense he has against the same. If the judgment mentioned in the writ be void, he should set up that fact as a defense. If a judgment should be recovered against him in such proceedings, his remedy outside of the court in which it was rendered would be by appeal or writ of error, unless he has lost the appeal through no fault of his own.

Appellant stated in his petition that judgment was rendered against it as garnishee on the 8th day of April, 1908, and that

on the 25th day of the same month its attorney made the necessary affidavit and bond for appeal from said judgment, and sent the same by mail to the mayor of Cotter, and believes the same was received on the 26th day of April, 1908. If such be the fact, his appeal was taken in time, and he could have supplied affidavit and bond after showing the loss of them. If they were not received in due time, he still had time to ascertain that fact and take the appeal within the time allowed for that purpose. Consequently it failed to show that it lost the right of appeal through no fault of its own.

Judgment affirmed.