### SMITH *v.* SPINNENWEBER.

### Opinion delivered October 19, 1914.

1. GARNISHMENT—JUDGMENT AGAINST DEFENDANT—NECESSARY PARTIES. —A valid judgment can not be rendered against the garnishee where no judgment has been rendered against one of two defendants, who is an indispensible party to the suit.
2. GARNISHMENTS—DEBTOR NOT A PARTY—REVERSAL—RELEASE OF GARNISHEE.—Where judgment was improperly rendered against a garnishee the principal debtor not having been made a party, upon reversal of the cause the debtor may be made a party, and the garnishee is not entitled to an absolute discharge pending the making of the debtor a party.
3. GARNISHMENT—OVERDUE NOTE.—An overdue, negotiable, promissory note, still in the hands of the payee, is subject to garnishment.
4. GARNISHMENT—NOTE—FRAUDULENT TRANSFER.—Where a note is tranferred for the purpose of defrauding creditors, the same may be reached by garnishment.

5.  PARTNERSHIP—DEBT OF PARTNER—TRANSFER OF PROPERTY.—Partnership property may by consent of the partners, be appropriated to individual indebtedness, and where property has been so transferred, the equity of the partnership creditor is lost.

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*S. A. D. Eaton,* for appellant Ellis.

1.  A judgment against the partnership in favor of the appellees is a prerequisite to a valid judgment against the garnishee.  62 Ark. 616; 70 Ark. 127.  A writ of garnishment must have a judgment to support it.  31 Ark. 652.

2.  The court erred in refusing to charge the jury that before they would be authorized to find for the plaintiffs, they must find from the evidence that Ellis on or subsequent to, the 9th day of December, 1912, was indebted to W. A. Smith & Bro. in some amount, or had in his possession a promissory note belonging to W. A. Smith & Bro.  76 Ark. 98.

3.  Instructions 1 and 2, given by the court, are both erroneous.  As to instruction 1, the note was transferred before maturity, and it is conceded that it was in appellant's possession, which was presumptive evidence of his ownership, at the commencement of the garnishment proceedings.  The burden of proving his want of ownership was on the appellees.  2 Enc. of Evidence, 517 *et seq.*  An endorsement purporting to transfer a negotiable note is presumed to be genuine, and to import value.  Litt. Sel. Cas. (Ky.) 208; 37 Minn. 404; 4 Ark. 535; 9 Ala 638; 22 La. Ann. 457; 51 Miss. 55; 29 Ore. 483.

As to instruction 2, there was an entire want of evidence on which to base it.  63 Ark. 177; *Id.* 563; 70 Ark. 99; *Id.* 441; 71 Ark. 351.

*C. H. Henderson,* for appellees.

1.  Judgment was obtained against the partner who remained, six months before the garnishment proceeding was brought to trial.  Plaintiff could not be expected

to do more than obtain judgment against who remained within the jurisdiction of the court, and the fact that one of the partners fled from the State apparently to avoid his creditors, should not deprive the court of its jurisdiction. Garnishment is a suit and not a process or execution. 24 Fed. Cas. No. 14239, Hempst. 662; 20 Cyc. 978.

2. The burden was upon the garnishee to show that he was an innocent purchaser of the note for value, and that issue was submitted to the jury and found against him. 39 Ark. 97; 90 Ark. 93; 107 Ark. 581.

3. The evidence warrants no other conclusion than that Smith and Ellis, realizing the precarious condition of the assets of the partnership, made a transfer of this note to Ellis as a gift and to avoid the seizure of the same by the creditors. Such assignment was fraudulent and void as to the creditors. 20 Wis. 311; 20 Cyc. 1017; 35 Vt. 39; 87 Ala. 58.

4. The assignment, if made, was to satisfy an individual indebtedness of W. A. Smith, and was, therefore, void, unless consented to by the other partner. Parsons on Partnerships, 202-13; 52 Ark. 558; 104 Ark. 109; 40 Ark. 551; 93 Ark. 57; 84 Ark. 172; 20 Cyc. 1029; *Id.* 993.

McCULLOCH, C. J. This is an action instituted in the circuit court of Randolph County by the plaintiffs, Spinnenweber & Peters, against the defendants, W. A. Smith and J. B. Smith, as copartners under the firm name of W. A. Smith & Bro., to recover the sum of $150 alleged to be due on account for rent of a farm and the price of timber sold. A garnishment was sued out at the commencement of the action against E. N. Ellis and A. H. Fredricks as garnishees and interrogatories were filed against them, to which they made response. One of the defendants, J. B. Smith, was served with process, and the action proceeded to final judgment against him, but there was no service, either actual or constructive, against W. A. Smith, the other defendant. Defendant J. B. Smith filed an answer denying that he was a mem-

ber of the firm of W. A. Smith & Bro. or that he was
indebted to the plaintiffs in any sum.   There was a sepa-
rate trial of the issue between the plaintiffs and J. B.
Smith which resulted in a verdict and judgment in favor
of the plaintiffs for the amount of their claim.

E. N. Ellis, one of the garnishees, filed a separate
response and intervention, in which it appears that the
other garnishee, Fredricks, executed a negotiable promis-
sory note to W. A. Smith & Bro. for the sum of $150,
that the same had been transferred by a proper indorse-
ment on the note to garnishee Ellis, and that he is now
the holder of the same for a valuable consideration.   The
said garnishee contends that the note was transferred
to him before maturity for a valuable consideration, but
the note was overdue and unpaid in his hands at the time
of the trial below.   There was a trial of the issue be-
tween the plaintiff and the garnishees before a jury and
the verdict was in favor of the plaintiffs against both the
garnishees in the sum of $100.   The court thereupon ren-
dered judgment against both garnishees for the sum
named in the verdict.   Garnishee Ellis alone has ap-
pealed.

(1)   It is insisted in the first place that final judg-
ment should not have been rendered against the gar-
nishees until judgment was rendered against the defend-
ants, and we are of the opinion that this contention is
well founded.   There was a judgment against J. B. Smith,
one of the defendants, but in his answer he disclaimed
any interest in the partnership assets; and even though
the jury decided against him as to liability for plaintiffs'
debt, it does not follow that this obviated the necessity of
bringing in, by proper process, the other defendant, who
confessedly is a member of the firm and interested in the
note, if the assignment to garnishee Ellis is not valid.   At
any rate, it was improper to proceed with the trial of the
rights of the garnishee without bringing in W. A. Smith,
one of the original debtors, as he was a party in interest
and is not bound by the judgment of the court rendered

against the garnishees. He was an indispensable party, in other words, and no final judgment could be rendered without his presence in the action. The proof tended to show that he was a fugitive from justice and is now in the State of Mississippi, but he could have been brought in by publication of a warning order, the court having acquired jurisdiction of the property by service on the garnishee.

This court decided in *Norman* v. *Poole,* 70 Ark. 127, that under the garnishment statute now in force it is indispensable that final judgment be rendered against the principal debtor before there can be any final judgment against the garnishee. Judge RIDDICK, speaking for the court in that case, said: "The proceeding against the garnishee is ancillary to that against the defendant. As the object of the garnishment is to reach money or property in the possession of the garnishee, and subject it to the payment of the judgment which the plaintiff may recover against the defendant, it follows that there can be no lawful judgment against the garnishee until after the judgment has been recovered against the defendant."

(2) It is not too late for said defendant W. A. Smith to be brought in and it can be done after the cause is remanded to the circuit court, as the case is still pending and the garnishee is not entitled to an absolute discharge pending the process to bring in the other defendant.

Inasmuch as there may be another trial of the case, we deem it proper to notice some of the other assignments so that the court may have some guide for the trial of the case when the record is complete.

(3) In the first place, the question is not free from doubt as to whether a negotiable promissory note can be reached by a garnishment and the maker required to respond. There is some conflict in the authorities on this question, but it seems to be settled by the weight of authority that an overdue, negotiable, promissory note

still in the hands of the payee, is subject to garnishment. Rood on Garnishments, § § 133-134   Our statute recognizes this by providing for a garnishment to reach "goods, chattels, moneys, credits and effects" in the hands or possession of the garnishee belonging to the defendant.   The right seems also to be recognized by a decision of this court in *Cross* v. *Haldeman,* 15 Ark. 200, where it is said that "a garnishee, answering and admitting his indebtedness, as the maker of negotiable paper, without reserve or qualification, does so at his peril," and may be held liable under the garnishment.

(4)   The note bears the written assignment of W. A. Smith & Bro. and it remains now unpaid in the hands of garnishee Ellis.   There is an issue presented in the case whether Ellis is a *bona fide* holder of the note or whether it was transferred to him in fraud of the creditors.   The plaintiffs are entitled to a trial of that issue; and, as the maker of the note as well as the holder is a party garnishee, if it be found that the assignment is colorable and made for the purpose of defrauding creditors, the plaintiffs are entitled to reach the funds by the process of garnishment.   It was error, however, to render judgmen against Ellis for the recovery of the money.   The judgment could have been only against Fredricks, the maker of the note.

The court gave the following instructions, over the objections of the garnishee:

"1.   You are instructed that, if you find from the evidence that the note garnisheed was the property of W. A. Smith & Bro., and that same was assigned by W. A. Smith to E. N. Ellis for the payment of the individual debt of the said W. A. Smith, and that J. B. Smith, the other partner, did not consent thereto, you will find for the plaintiffs."

"2.   If you find from a preponderance of the testimony, that a part of the note was assigned for professional services for the benefit of the firm of W. A. Smith & Bro., and a part of it for for the individual benefit of W. A. Smith, then you should find for the plaintiffs

against the defendant for such part of the note as was for the individual service for W. A. Smith, and your verdict for the balance of said note, should be for the defendant.''

(5)    These two instructions were both erroneous; the second one because it ignored entirely the question of the consent of the other partner to the transfer; and the first one for submitting that question at all, inasmuch as the undisputed evidence was that W. A. Smith was authorized to assign the note.   This court has steadily adhered to the rule that, partnership property may, by consent of the partners, be appropriated to individual indebtedness; and where property has been so transferred, the equity of the partnership creditors is lost. *Boyd* v. *Arnold,* 103 Ark. 105.   Now, the record in this case shows beyond dispute that the assignment of this note to the garnishees was made by W. A. Smith in the name of the partnership; and even if it was for an individual indebtedness, it was not without the consent of any one else interested.   In fact, the other defendant in the case expressly denied that he was a member of the partnership and there was therefore no reason for submitting the issue to the jury whether consent had been given by the copartner of W. A. Smith.   It was erroneous to give any instructions to the jury on that subject, and the issues should have been narrowed to the single one concerning the *bona fides* of the transfer, as that was the only disputed question in the case.   There was, we think, enough dispute on that issue to warrant a submission to the jury.   Garnishee Ellis testified that the note was assigned to him by W. A. Smith upon a certain consideration, but the plaintiffs proved a prior conflicting statement which would warrant the jury in rejecting his present statement if they believed it to be untrue.

The judgment is reversed and the cause remanded for further procedings not inconsistent with this opinion.