SMITH *v.* BANK OF HIGDEN.

# Opinion delivered November 9, 1914.

1. GARNISHMENT—JUDGMENT AGAINST DEFENDANT.—The court has no power to render a judgment against a garnishee until the defendant is properly brought into court, and a judgment rendered against him.

2. GARNISHMENT—INDEBTEDNESS OF GARNISHEE—QUESTION FOR JURY.— Where all the parties are properly before the court, and the testimony concerning the indebtedness of the garnishee to the defendant, is conflicting, that issue should be submitted to the jury.

3. GARNISHMENT—JURISDICTION OF DEFENDANT—DEFECTIVE SERVICE— RIGHT OF PLAINTIFF.—In a garnishment proceeding on appeal from justice court, where the question of service of the defendant is in issue, the whole record should be brought up for the purpose of showing whether or not the defendant was properly before the court when judgment was rendered, or whether a valid judgment was rendered against the defendant; but the omission to bring up the whole record may be supplied by the plaintiff.

4. MECHANICS' LIENS—NON-RESIDENT DEFENDANT—NOTICE BY PUBLICATION—EFFECT—GARNISHMENT.—Under Kirby's Digest, § 4998, service upon a nonresident defendant in a suit to enforce a laborer's lien, may be obtained by notice published twice in a newspaper as prescribed by law, but such method of service is limited to the enforcement of the lien, and has no reference to the enforcement of any other rights against the defendant, and such service is insufficient to warrant a judgment subjecting to the plaintiff's debt, a sum of money due to the defendant by a third party.

5. GARNISHMENT—NOTICE BY PUBLICATION.—The general statutes with respect to publication of a warning order four times in a newspaper govern in cases of garnishment.

6. GARNISHMENT—SERVICE OF DEFENDANT—PREMATURE JUDGMENT.—A judgment in favor of the plaintiff against a garnishee is premature, when the defendant was not properly before the court.

7. APPEAL FROM JUSTICE COURTS—TRIAL DE NOVO—JURISDICTION OF DEFENDANT—PREMATURE JUDGMENT—PRACTICE.—Cases on appeal from justice court are tried in the circuit court *de novo*, but when the judgment of the justice was prematurely rendered against a garnishee because of lack of proper service on the defendant, the garnishee should not be discharged, but the circuit court should remand the case to the justice of the peace for further proceedings after the defendant had been properly brought in.

8. APPEALS FROM JUSTICE'S COURT—TRIAL DE NOVO—PRACTICE.—On an appeal from a justice court, the circuit court must proceed to a trial *de novo*, when all the parties are properly before it.

9. APPEALS FROM JUSTICE COURT—SERVICE ON DEFENDANT.—Defective service on a defendant in a justice court, in a cause which is appealed to the circuit court, by a garnishee, can not be cured by process in the circuit court; but the cause may be remanded by the circuit to the justice court for proceedings after proper service on the defendant.

10. WARNING ORDER—PROOF OF PUBLICATION.—Proof that a warning order has been properly published, other than the affidavit of the publisher, may be introduced in the circuit court.

Appeal from Cleburne Circuit Court; *George W. Reed,* Judge; reversed.

*S. Brundidge,* for appellant.

1. The certified copy of the judgment of the justice of the peace should have been admitted as evidence, because it was necessary for the plaintiff to show that judgment had been rendered against the defendant before he could ask for judgment against the garnishee. Kirby's Dig., § 3055; 33 Ark. 485; Arkansas Justice, § § 377-8-9; 18 Ark. 357.

2. The court erred in giving a peremptory instruction for the defendant. 105 Ark. 136; 104 Ark. 267; 101 Ark. 22.

*M. E. Vinson* and *Garner Fraser,* for appellee.

1. The judgment offered in evidence is void for want of jurisdiction in the justice of the peace. There is nothing in the record to show that a warning order was ever issued. There is none endorsed on the complaint, and not even the judgment shows its issuance. 71 Ark. 318; Kirby's Dig., § 6055. It is void for the further reason that the warning order was not published for four weeks as required by law.

Want of jurisdiction may be set up at any time against a judgment when sought to be enforced. 48 Ark. 156. A defense that the court had no jurisdiction to render judgment against the defendant, is a direct, and not a collateral, attack on the judgment. 142 Ill. 45.

When the court fails to acquire jurisdiction of the defendant in the principal action, garnishment based thereon is void. 20 Cyc. § § 980, 1033; 45 Ark. 274; 62 Ark. 616; 69 Ark. 617; 70 Ark. 128; 91 Ark. 112. See, also, 58 Ark. 183.

McCulloch, C. J. Appellant instituted this action before a justice of the peace in Cleburne County against the defendant, John S. Hill, to recover a debt due by contract, and sued out an order of general attachment with a garnishment clause against the appellee, Bank of Higden, summoning the latter to appear and answer as garnishee. Allegations against the garnishee were filed, to the effect that the latter was indebted to the defendant in the sum of $300; and proper interrogatories propounded to the garnishee were also filed. In the same action the plaintiff asserted a lien on a lot of staves for labor performed in hauling the same. It does not appear what became of that feature of the case. The defendant was a nonresident and a warning order was issued and published in a newspaper, but the proof of publication filed as a part of the record shows that there were only two publications.

The justice of the peace rendered judgment in appellant's favor against the defendant; and, on separate trial of the garnishment, also rendered judgment against the garnishee. The latter appealed to the circuit court and the case was tried there. The record brought up on appeal by the garnishee did not contain a copy of the judgment against the defendant, but the plaintiff tendered an additional transcript showing the judgment, and the court refused to allow it to be considered. Testimony was introduced by each party on the issue as to whether the garnishee was indebted to the defendant, and the court gave a peremptory instruction in favor of the garnishee. Final judgment was entered accordingly, discharging the garnishee, and the plaintiff appealed.

(1-2-3)  The testimony being conflicting on the question of the garnishee's indebtedness to the defendant, that issue should have been submitted to the jury, if all

the parties were before the court. The defendant did not appear in the case and did not appeal from the judgment against him, but the whole record should have been brought up for the purpose of showing whether or not the defendant was properly before the court when judgment was rendered, or whether a valid judgment had been rendered against the defendant. That omission, however, the plaintiff had the right to supply, and the court erred in refusing to receive the additional record if it was sufficient to show that the defendant had been summoned and a valid judgment rendered against him. This was not a garnishment issued after judgment, but one issued at the commencement of the action, and was a part of the original action, and not collateral thereto. The court had no power to render a judgment against the garnishee until the defendant was properly brought in and judgment rendered against him. *Norman* v. *Poole,* 70 Ark. 127; *Smith* v. *Spinnenwebber,* 114 Ark. 384.

The turning point of the case is, therefore, whether or not the whole record, including that which was offered by appellant to supply the omission in the transcript brought up by the garnishee, shows proper service on the defendant and a valid judgment against him.

(4-5-6-7-8-9) The statute concerning the enforcement of laborer's liens provides that "if the defendant is a nonresident, said notice shall be given by at least two insertions in a newspaper, as prescribed by law, or by posting three notices—two in the most public places in the township where the property is, and the other at the county clerk's office—to appear and show cause why judgment shall not be rendered and the property sold." Kirby's Digest, § 4998. The proof filed in the record shows two publications in the newspaper and was sufficient to comply with the statute with respect to the enforcement of the laborer's lien. But that method of publication is limited to the enforcement of the lien and has no reference to the enforcement of any other rights against the defendant. Therefore the service was insufficient to warrant a judgment subjecting to the plaintiff's

debt the sum found to be due by the garnishee. The general statutes with respect to publication of a warning order four times in a newspaper govern in cases of garnishment. *Johnson* v. *Foster,* 69 Ark. 617. The judgment of the justice of the peace recites that the defendant had been duly served with process, but that is contradicted by the balance of the record, which may be looked to in this direct attack, and which shows that publication was for only two insertions, which is insufficient. The trial before the justice of the peace on the issue between the plaintiff and the garnishee was therefore premature and the judgment was void for the reason that the defendant had not been properly served. It does not follow, however, that this afforded grounds for finally discharging the garnishee. The garnishee had been properly served and the issue was complete when the defendant was brought in and judgment rendered against him. The circuit court therefore erred in rendering final judgment in favor of the garnishee on the merits of the case. *Smith* v. *Spinnenwebber, supra.* When the circuit court found that the judgment against the garnishee was premature, it should not have finally discharged the garnishee, but should have remanded the case to the justice of the peace for further proceedings after defendant had been properly brought in. It is true that cases on appeal from justices of the peace are tried by the circuit court *de novo,* but there is nothing in the Constitution and laws of the State which prevents the remanding of a case which, under circumstances like this, has been prematurely tried. Of course, if all of the parties were before the circuit court, it should proceed to trial *de novo;* but in this case the defendant is not before the court and can not be brought in by process issued in the circuit court. That must be done in the court where the case originated.

(10) The affidavit of the publisher is not the only means of proving the publication (*Porter* v. *Dooley,* 66 Ark. 1) ; and if, in fact, there was proper publication of the warning order, the circuit court can hear other proof

to establish that fact and thus show a valid judgment against the defendant.

The judgment of the circuit court is therefore reversed and the cause is remanded with directions to set aside the judgment of the justice of the peace, as prematurely rendered, and remand the case to the justice for further procedings, unless it be shown by sufficient proof that the warning order had been published the requisite number of times.

HART and KIRBY, JJ., dissent.