### SAMUELSON v. PATTERSON & COMPANY.

### Opinion delivered December 12, 1921.

GARNISHMENT—SUFFICIENCY OF EVIDENCE.—A judgment against a garnishee is sustained by evidence tending to prove that the garnishee entered into a scheme to defeat the plaintiffs in the collection of their debt.

Appeal from Boone Circuit Court; *J. M. Shinn*, Judge; affirmed.

On the 23rd day of December, 1919, the plaintiffs, Patterson & Company, sued John Keys before a justice of the peace to recover $120.68 alleged to be due upon a promissory note executed by the defendant to the plaintiffs. On the same day a writ of garnishment was issued and served upon L. S. Samuelson to answer what goods, moneys, and credits he had in his possession belonging to the defendant, Keys. The cause was continued from time to time, and a change of venue was also taken.

On the 31st day of March, 1920, the parties appeared in the justice's court, and the defendant confessed judgment for the amount of the plaintiffs' claim, and it was adjudged by the court that the plaintiffs recover of the defendant the sum of $125.68 and the cost of the action. On the same day the garnishment proceeding was tried, and judgment was rendered in favor of the plaintiffs against the garnishee, L. S. Samuelson, for the sum of $125.68 and the accrued interest. On the 27th day of April, 1920, L. S. Samuelson, the garnishee, filed an affidavit for appeal to the circuit court.

L. S. Samuelson was a witness for himself in the circuit court. According to his testimony, he purchased 80 acres of land from John Keys and agreed to pay him therefor $900. Samuelson paid Keys $315 in cash and promised to pay him the remaining $585 by the 1st of January, 1920. John Keys executed to L. S. Samuelson a deed to the land. By agreement, the deed was delivered to the cashier of a bank to be kept by him and delivered to Samuelson upon the payment by Samuelson of $585, the balance of the purchase money, by the 1st day of January, 1920. After Samuelson was garnished in the present action, he went to the bank for the purpose of paying the $585 and obtaining his deed. Samuelson had that amount of money in his pocket, but was advised by the cashier of the bank who held the deed not to pay the money over until the garnishment proceedings were settled. Subsequently the cashier of the

bank told Samuelson that he had delivered the deed back to Keys on the 2nd day of January, 1921. About a month later Richardson, who had purchased the land from John Keys after the 2nd day of January, 1920, and had received a deed therefor, executed a deed to the land to L. S. Samuelson for the consideration of $585.

Samuelson further testified that the banker advised him not to pay the $585 until after the trial of the garnishment proceedings, but that he did intend to pay the $585 later and get the deed to the land.

According to the testimony of John Keys, the deed was placed in the bank after Samuelson had made a payment of $315 and Keys told the cashier of the bank, in the presence of Samuelson, that the deed was to be delivered to Samuelson upon the payment by him of $585 by the first day of the year, 1920, or that the deal would be off. After the 2nd day of January, 1920, Keys sold the land to Tom Richardson for $585 and executed a deed to him to the land. Keys owed Richardson $585 at the time he made the contract with Samuelson to convey him the land and he gave Richardson a check for $585 on the bank where the deed was deposited for Samuelson, and intended that Richardson should receive payment of the check when Samuelson paid the balance of the purchase money on the land.

According to the testimony of Richardson, he did not have anything to do with the trade between Samuelson and Keys and did not enter into any plan or scheme with them whereby the plaintiffs might be defeated in the collection of their debt. He testified that $900 was a little too much to pay for the land, and that he would not give that much money for it.

The jury returned a verdict for the plaintiffs, Patterson & Company, against the garnishee, L. S. Samuelson, and from the judgment rendered L. S. Samuelson has duly prosecuted an appeal to this court.

*Shouse & Rowland,* for appellant.

There is no evidence to establish a contract of purchase, or indebtedness. The legal sufficiency of evidence is a question of law, and must be decided by the court. 57 Ark. 461. Under the uncontradicted facts, appellant had an option to purchase at his own election. 82 Ark. 572; 78 Ark. 306.

Judgment against a garnishee cannot lawfully be rendered until judgment has been rendered against the defendant. 112 Ark. 91; 114 *Id.* 384; 115 *Id.* 206.

*E. G. Mitchell,* for appellee.

There was an unconditional contract for a sale, and no element of an option contract was entered into, according to the testimony. As distinguishing between a contract for sale and one for an option, see 104 Ga. 157; 24 Am. St. 17.

HART, J., (after stating the facts). No exceptions were saved to the giving of instructions by the trial court, and no reversal of the judgment is asked here on that account. A reversal of the judgment is first asked on the ground that the evidence did not warrant a judgment against Samuelson, the garnishee. The evidence shows that the garnishment was issued on the 23rd day of December, 1919. It also shows that Samuelson was indebted to Keys at that time in the sum of $585, the balance of the purchase money of 80 acres of land.

It is the contention of counsel for Samuelson that he had only an option to purchase the land and had the right to elect not to pay the balance of the agreed price and thereby forfeit his right to purchase the land.

Under the facts disclosed by the record the jury might have found that Samuelson, Keys, and Richardson entered into a scheme to defeat Patterson & Company in the collection of their debt against Keys by the garnishment proceedings against Samuelson. Samuelson had bought the land from Keys for $900 and had already paid $315. According to his own testimony, under the advice of the banker he only refrained from

paying into the bank the $585 until after the garnishment proceedings were determined. He said that he intended to pay the $585 later and get his deed to the land. This is exactly what he did do. On the 2nd day of January, 1920, Keys took the deed out of the bank and then sold the land to Tom Richardson for $585, which he owed him and which was the exact amount that Samuelson owed as a balance of the purchase money. Indeed, Keys had already given Richardson a check for the $585 which he expected Samuelson to deposit in the bank for the balance of the purchase money on the land.

Under the circumstances the jury was justified in finding that the taking of the deed back by Keys and his subsequent conveyance to Richardson and the conveyance by Richardson in turn to Samuelson for $585, the balance due on the purchase money, was a scheme to defeat Patterson & Company in the collection of their debt by the garnishment proceedings. Hence it cannot be said that the evidence was not legally sufficient to support a verdict in favor of the plaintiffs.

Again it is contended that the judgment must be reversed because the court could not render a judgment against the garnishee until judgment had been rendered against the defendant in the main action. *St. L. I. M. & S. R. Co.* v. *McDermitt,* 91 Ark. 112, and *Smith* v. *Bank of Higden,* 115 Ark. 216.

The record does not bear out the contention of counsel. It shows that judgment was rendered in favor of the plaintiffs, Patterson & Company, against the defendant, John Keys, in the justice court on the 31st of March, 1920, and that no appeal was taken to the circuit court. The only appeal prosecuted to the circuit court was that of the garnishee from the judgment rendered against him.

It follows that the judgment must be affirmed.