Moreno-Burkham Construction Company *v.* Thorpe.

Opinion delivered March 27, 1922.

1. Garnishment—sufficiency of return of service.—A sheriff's return to a writ of garnishment that he delivered a copy thereof to the within named company by delivering to its manager a true and perfect copy is insufficient in failing to show whether the company was a domestic or foreign corporation or a partnership; if the company was a domestic corporation, the return should show that service was had on its agent during the absence of the president, as required by Crawford & Moses' Dig., § 1147; if it was a foreign corporation, the return should show that service was had upon the agent designated by the corporation as required by § 1829 of Crawford & Moses' Dig., or upon the agent, servant or employee in charge of a branch office in the county; if it was a partnership, service must be had upon the individual members composing it.

2.  Appeal and Error—Presumption as to Service of Process.—
    No presumption can be indulged upon appeal from a judgment by
    default that there was some other and different service had from
    that which appears in the record.

Appeal from Washington Circuit Court, *W. A. Dickson*, Judge; reversed.

### STATEMENT OF FACTS.

Albert Thorpe sued R. G. Culbertson in the circuit court to recover the sum of $321.95 alleged to be due him on a certificate of indebtedness signed by said Culbertson which is set forth in the complaint. Thorpe also alleged that the Moreno-Burkham Construction Company was indebted to R. G. Culbertson in the sum of $400, and procured a writ of garnishment to be issued against said Moreno-Burkham Construction Company. The return of the sheriff on writ is as follows:

"State of Arkansas,

"County of Washington.

"On this 21st day of April, 1921, I have duly served the within writ by delivering a copy and stating the substance thereof, to the within named R. G. Culbertson and Moreno-Burkham Construction Co., by delivering to C. L. French, manager of Moreno-Burkham Construction Company, a true and perfect copy of this summons.

"H. E. Jackson, Sheriff.

"J. G. Gardner, D. S."

Subsequently a decree by default was entered of record against the defendant, R. G. Culbertson, and the garnishee, Moreno-Burkham Construction Company, in the sum of $321.95.

The Moreno-Burkham Construction Company has duly prosecuted an appeal to this court.

*John Mayes*, for appellant.

The court did not have jurisdiction. The summons was not legally served. C. & M. Digest, sec. 1826 *et seq.*; See also 59 Ark. 583.

Service of summons upon any agent or employee of a corporation is not binding. 62 Ark. 144; 32 Ark. 17; 40 Ark. 141; 59 Ark. 583.

*Walker & Walker,* for appellees.

The testimony fails to show that Moreno-Burkham Construction Company is a corporation, having an agent for service. It is presumed that the service was regular, and that the judgment should be affirmed.

HART, J., (after stating the facts). The return of service on the writ of garnishment in this cause shows no sufficient service on the garnishee, Moreno-Burkham Construction Company. It does not appear from the record whether the Moreno-Burkham Construction Company was a foreign or domestic corporation, or a partnership. If it was a domestic corporation, the return is not sufficient, because it does not show that service was had on the agent of the corporation during the absence of the president of the company, as required by § 1147 of Crawford & Moses' Digest. If appellant was a foreign corporation, the return is not sufficient because it does not show that service was had upon the agent designated by the corporation in the manner provided by § 1829 of Crawford & Moses' Digest. See *Arkansas Construction Co.* v. *Mullins,* 69 Ark. 429, and *Southern Building & Loan Association* v. *Hallum,* 59 Ark. 583. Neither does the return show that the summons was served upon the agent, servant, or employee in charge of a branch office or other place of business of the corporation in Washington County, Ark. Hence the return is not sufficient as covering the matter of service of process on domestic and foreign corporations who keep or maintain a branch office or other place of business in any of the counties of this State. See *Fort Smith Lbr. Co.* v. *Shackleford,* 115 Ark. 272, and *Terry Dairy Co.* v. *Parker,* 144 Ark. 401.

If appellant was a partnership, service must have been had upon the individual members composing the partnership, and the return is insufficient because it does not show that fact.

The effect of the above decisions is that no presumption can be indulged upon an appeal from a judgment

by default that there was some other and different service had from that which appears in the record.

The judgment is therefore reversed and the cause remanded with directions to proceed in the cause, the appellant having entered its appearance by appealing.