BANK OF EUDORA *v.* ROSS.

## Opinion delivered May 4, 1925.

1. APPEAL AND ERROR—ORDER DISMISSING GARNISHMENT FINAL.—An order dismissing writs of garnishment terminates the proceedings as to the garnishees and is final and appealable.

2. VENDOR AND PURCHASER—LIEN—RIGHT TO PERSONAL JUDGMENT.—A vendor foreclosing his lien for the purchase money is entitled to personal judgment against the purchaser in the first instance and not merely after report of sale, and may have an ancillary remedy, such as garnishment, without waiting to exhaust his security.

3. GARNISHMENT—LIABILITY OF GARNISHEE.—Final judgment should not be rendered against a garnishee until plaintiff's right to recover from the defendant is established.

Appeal from Chicot Chancery Court; *E. G. Hammock;* Chancellor; reversed.

*W. W. Grubbs,* for appellant.

*Cook & Trice,* for appellee.

McCULLOCH, C. J.   T. E. Ray conveyed certain lands in Chicot County to S. A. Wilson by warranty deed, which recited notes executed by Wilson to Ray for unpaid purchase money.   These notes were assigned by Ray to appellant, and Wilson subsequently conveyed the land to appellee Ross and one Van Ness, the grantees expressly assuming payment of said purchase money notes.   The notes were not paid, and appellant instituted this action against Van Ness and appellee Ross to recover the amount of the notes and to enforce the vendor's lien. At the commencement of the action appellant filed allegations and interrogatories to the Monroe County Bank and the First National Bank of Fort Smith, respectively, as garnishees, and writs of garnishment were duly issued and served, and each of the garnishees reported that it had funds in its hands belonging to appellee Ross.  Ross appeared by attorneys and filed an answer on the merits, denying the allegations of the complaint with respect to his having assumed the payment of the notes held by appellant, and also filed a motion to quash the garnishments.   The court sustained the motion and dismissed

the garnishments, and an appeal has been prosecuted to this court.

The effect of the dismissal of the garnishments was to end the proceedings as to those parties, and was a final order, and appealable. *Helton* v. *Howe,* 162 Ark. 243.

Appellee relies on the rule in some jurisdictions, and the one said to prevail generally in the absence of statute, that a personal judgment should not be rendered in a suit to foreclose a mortgage or other lien except for the deficiency after the report of the sale of the property showing that the amount realized from the sale was not sufficient to pay the debt. Cases in support of that contention are cited in the brief of counsel. Conceding that such is the general rule, it is changed by the statutes of this State. Crawford & Moses' Digest, §§ 6240, 6242, 6244. The first section mentioned above provides that it shall not be necessary in such proceeding to enter an interlocutory judgment, "but final judgment may in such cases be given in the first instance." Section 6242 reads as follows: "In an action on a mortgage or lien, the judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally." Section 6244 provides that, if the mortgaged property "does not sell for a sum sufficient to satisfy the amount due, an execution may be issued against the defendant, as on ordinary judgments." The purpose of the latter provision was to continue the right to have process as to any deficiency, but it does not bar any other available remedy.

In the recent case of *McCormick* v. *Daggett,* 162 Ark. 16, we recognized the right of the plaintiff in a lien foreclosure to have personal judgment in the first instance. There is no reason why this should not be so, for the remedies are not inconsistent. A plaintiff is entitled to only one satisfaction, but he is entitled to pursue all available concurrent remedies not inconsistent with each other. There is no reason for holding that the plaintiff in a foreclosure suit is not entitled to ancillary remedies,

such as attachment and garnishment. The statutes conferring these remedies are each emphatic, and contain no exceptions. The garnishment statute (§ 4906) in express language extends the remedy to "all cases where any plaintiff may begin an action in any court of record."

There is no principle of equity which requires the holder of a security to exhaust his security before resorting to other remedies for the enforcement of personal liability of the debtor. Final judgment should not be rendered against the garnishee and in favor of the plaintiff until the latter's right to recover from the defendant is established. *Norman* v. *Poole,* 70 Ark. 128; *St. L. I. M. & S. Ry. Co.* v. *McDermitt,* 91 Ark. 112; *Smith* v. *Spinenwebber,* 114 Ark. 384; *Smith* v. *Bank of Higden,* 115 Ark. 216. But the garnishee is held bound from the time of the service of the writ, and this remedy is available in a foreclosure proceeding as well as in any other action for debt.

The decree of the chancery court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.