New York Life Insurance Company *v.* Cherry.

4—2598

Opinion delivered June 6, 1932.

*James B. McDonough,* for appellant.

*Hardin & Barton,* for appellee.

HART, C. J. This appeal is prosecuted from a judgment of the circuit court of the Fort Smith District of Sebastian County, rendered on the 10th day of February, 1932, refusing to set aside a judgment rendered against appellant in favor of appellee in a garnishment proceeding.

The material facts disclosed by the record may be briefly stated as follows: On February 28, 1931, M. A. Cherry sued Etta L. Stokes in the Sebastian Circuit Court for the Fort Smith District to recover $2,000 alleged to be due on a promissory note executed by Etta L. Stokes and Walter R. Stokes, her husband, on January 1, 1925, and due one year after date. The complaint alleges that, since the execution of said note, Walter R. Stokes had died, and that there was no administration on his estate. A writ of garnishment was sued out

against the New York Life Insurance Company, which was alleged to be indebted to Etta L. Stokes upon a life insurance policy. Summons was issued on the complaint, directed to the sheriff of Sebastian County. The return of the sheriff was dated March 25, 1931, and shows that he returned the summons because he was not able to find the defendant in Sebastian County. The return was filed with the clerk on March 26, 1931. The writ of garnishment was dated February 28, •1931, and showed that it was served on the second day of March, 1931.

On September 15, 1931, the plaintiff filed what she called an amendment to her complaint in which she alleged that Walter R. Stokes died on or about the 19th day of February, 1931, and that he was a resident of the Fort Smith District of Sebastian County, Arkansas, at the time of his death. It was also alleged that Eugene K. Torbett was duly appointed administrator of his estate by the probate court of Sebastian County. The prayer of the complaint is that Eugene Torbett, as administrator of the estate of Walter R. Stokes, deceased, be made a defendant, and summons issue for him as well as for the defendant Etta L. Stokes. Summons was duly served upon the defendant administrator in Sebastian County. On the 15th day of September, 1931, a summons was issued on Etta L. Stokes, directed to the sheriff of Johnson County. The return of the sheriff of Johnson County shows that summons was duly served by delivering a copy to Mrs. E. L. Stokes in Johnson County as commanded in the summons. On the 9th day of October, 1931, judgment was rendered in favor of M. A. Cherry against E. K. Torbett, administrator of the estate of Walter R. Stokes, deceased, and Etta L. Stokes, in the sum of $1,385, and the accrued interest. Judgment was also rendered in favor of the plaintiff against the New York Life Insurance Company as garnishee.

At the same term of the court at which the judgment was rendered, said New York Life Insurance Company filed a motion to set aside the judgment against it as

garnishee on the ground that it was void. The facts above recited were set forth in the motion. It was stipulated that on September 15, 1931, the probate court of Sebastian County appointed E. K. Torbett as administrator of the estate of Walter R. Stokes, deceased. It was further agreed that Walter R. Stokes carried a policy in the New York Life Insurance Company in which Etta L. Stokes, the defendant, was a beneficiary, and that the amount of money due her on said policy was $1,977.18. It was further agreed that the New York Life Insurance Company had paid the amount of said policy to Etta L. Stokes on the 21st day of May, 1931, and that it did not owe her any other sum.

Under our statute a writ of garnishment may not issue until after an action has been commenced by filing complaint and procuring summons to be issued. *First National Bank of Huttig* v. *Rhode Island Insurance Company,* 184 Ark. 812, 43 S. W. (2d) 535; and *Missouri Pacific Railroad Company* v. *McLendon, ante* p. 204.

The original suit in this case was brought by M. A. Cherry against Etta L. Stokes on the 28th day of February, 1931. The summons was directed to the sheriff of Sebastian County; and on the 25th day of March, 1931, the sheriff returned the summons unserved because he was unable to find the defendant within Sebastian County. The writ of garnishment was issued on the day the suit was commenced and was duly served upon the New York Life Insurance Company on the second day of March, 1931, as evidenced by the return of the sheriff filed March 25, 1931. There was no judgment rendered in favor of the plaintiff against Etta L. Stokes in the original action, presumably because no service of summons had been had upon her as required by § 1144 of Crawford & Moses' Digest.

It is well settled in this State that a valid judgment can not be rendered against the garnishee where no judgment has been rendered against the defendant in favor of the plaintiff. The reason is that garnishment

proceedings are auxiliary to the main suit. The object of a garnishment is to get money or property in the possession of the garnishee and subject it to the payment of the judgment which the plaintiff may recover against the defendant. It necessarily follows that there can be no lawful judgment against the garnishee until after judgment has been recovered against the defendant. *Norman* v. *Poole,* 70 Ark. 127, 66 S. W. 433; *St. Louis, Iron Mountain & Southern Railway Company* v. *McDermitt,* 91 Ark. 112, 120 S. W. 831; *Smith* v. *Spinnenweber,* 114 Ark. 384, 170 S. W. 84; *Smith* v. *Bank of Higden,* 115 Ark. 216, 170 S. W. 1008; *Bank of Eudora* v. *Ross,* 168 Ark. 754, 271 S. W. 703; and *Austin Bridge Company* v. *Vaughan,* 178 Ark. 995, 13 S. W. (2d) 13.

This brings us to a consideration whether the pleading, termed by the plaintiff an amendment to her complaint, which was filed on September 15, 1931, was what it purported to be, or whether it was the commencement of a new action against the defendant. The suit was based upon a promissory note executed in favor of the plaintiff by Walter R. Stokes and Etta L. Stokes, his wife. The original complaint states that Walter R. Stokes was dead, that there was no administration on his estate, and that the suit was brought against Etta L. Stokes.

Under § 1176 of Crawford & Moses' Digest, the action might be brought in any county in which the defendant, or one of several defendants, resides, or is summoned.

As we have already seen, no service was had upon the defendant, Etta L. Stokes, in the original action, and the plaintiff elected to sue her alone. When the plaintiff failed to get service on Etta L. Stokes in the manner provided by the statute, in September, 1931, she filed what she called an amendment to her complaint and asked that the administrator of the estate of Walter R. Stokes be made a defendant. It will be remembered that the original complaint alleged that no administration had

been had upon his estate. The summons issued upon Etta L. Stokes under the amended complaint was direct-ed to the sheriff of Johnson County, and recites that she was in that county. Thus, the record affirmatively shows that she was not a resident of Sebastian County at the time the amendment to the complaint was filed, although she may have been a resident of Sebastian County when the original suit was brought. This indicates that the amendment to the complaint was filed for the purpose of giving the Sebastian Circuit Court jurisdiction of the person of the defendant Etta L. Stokes. She had not been served in the original action; and, as long as she stayed in Johnson County, she could only be legally served by making some one a party defendant who was jointly liable and over whom the circuit court of Sebastian County for the Fort Smith District had jurisdiction.

This is not a case where new parties might be brought in without affecting the rights of the parties to the original action. The return of the sheriff in the original suit expressly shows that the defendant could not be found in Sebastian County, and inferentially shows that service could not be had by leaving a copy at the usual place of abode of the defendant with some member of the defendant's family over the age of 15 years. The bringing of a suit against the administrator of the estate of Walter R. Stokes, deceased, and the issuance of a summons against Etta Stokes directed to the sheriff of Johnson County was equivalent to an admission that service could not be had upon Etta L. Stokes in Sebastian County. In the meantime the garnishee had paid the amount of the policy to Etta L. Stokes as it had the legal right to do.

Under these circumstances, the appointment of an administrator over the estate of Walter R. Stokes, deceased, and making him a party defendant to the action constituted a new cause of action and was not an amendment to the original cause of action by the substitution of parties defendant or by bringing in new parties over whom the circuit court of Sebastian County for the

Fort Smith District already had jurisdiction in the original suit. Unless and until Etta L. Stokes was legally served in Sebastian County or entered her appearance to the action, the circuit court of Sebastian County had no jurisdiction over her person and could acquire none. The commencement of a new action was an abandonment of the old one. Therefore the judgment rendered against her was not under the original action brought against her, but was under what constituted a new cause of action against the administrator of her husband's estate in which she was also made a party defendant. This would require the issuance of a new writ of garnishment, and none was ever issued. The money had already been paid out by the New York Life Insurance Company to Etta L. Stokes, the beneficiary named in the policy which had been issued to her husband. *Smith* v. *Spinnenweber,* 114 Ark. 384, 170 S. W. 84.

It follows that the judgment must be reversed; and, inasmuch as the cause of action against the garnishee appears to have been fully developed, it will be dismissed here. It is so ordered.