PEAY, RECEIVER, ETC., VS. DUNCAN ET AL.

Where a defendant in chancery files a plea in bar of the complainant's bill, the judgment of the Court may be taken upon its sufficiency by setting it down for argument; but if the complainant replies to the plea, and the defendant proves the truth of the matter pleaded, the suit, so far as the plea extends, is barred, even though the plea is not good in form or substance.

A judgment or decree of a Court of competent jurisdiction, directly upon the point, is conclusive between the same parties, or their privies, upon the same matter, when brought in question in the same Court, or in another Court of concurrent jurisdiction.

*Appeal from Monroe Circuit Court in Chancery.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS & GARLAND, for the appellant.

In *Duncan et al. vs. Biscoe et al.*, 2 *Eng. Rep.* 175, this Court decided this, and no more than this: that the *naked stock mortgage* was no *statutory, or legal security*, for moneys borrowed from the bank by a stockholder. That is all that can be made of that decision—utterly and radically wrong as it was even to that extent. *Wilson vs. Biscoe et al.*, 6 *Eng.* 44.

Now it so happens that a mere *statute mortgage* is not the only means whereby a party can obtain a lien on real estate for the security of money, entitling him to proceed in equity, to have a foreclosure and sale.

A mere deposit of title deeds, at the time money is borrowed, with or without an agreement as to the effect of the operation, gives the lender an equitable mortgage—conclusive between the parties and those coming in *with notice*. This is no *statute* mortgage, yet the rights in equity are the same as if it had

been—4 *Kent* 150 (*Marg. p.*), with the exception only that those rights must yield to the superior equity of persons gaining rights without notice. 2 *Sand. Ch. Rep.* 5; 2 *Myl. & K.* 417, 419; 5 *Wheat* 277; 17 *Ves.* 227.

If a party fails to comply with the statute, so that under that he could not have a legal mortgage, he can get relief on the equitable circumstances. *Miller Eq. Mort.* 1 *and* 2.

In the present case, the Court held there was no valid statute mortgage, by which the debts claimed were secured.

In the present bill, yielding wholly the question of any statutory rights, complainants claim an *equitable* mortgage, arising upon the circumstances, without reference to the statute.

Two bills and the objects thereof, in any legal sense, could not be more different. They apply to the same lands, the same debts; but *complainant's rights* stand on wholly different grounds.

As to the conclusive force of prior judgments or decrees:

1st. Where the parties are the same, or in privity.

2d. Where the *right* asserted is the same.

3d. Where the property is the same. (The two latter being usually stated to be the *subject matter*.)

4th. Where the object or end to be attained is the same, nothing need be said. It is not now debatable.

But *all* these requisites must *concur*, to constitute any bar at all.

Now, if, as a matter of law and equity, this Court or the Court below had finally decided, that *Duncan had reserved no right to himself in the lands mortgaged, and could not have done so under the law;* or that *if any interest remained in him, or was to remain in him after the mortgage was made, the execution of that mortgage, aud the subsequently becoming a stockholder in virtue thereof, annulled all contracts before made for the dispcsition of that remaining interest, or disabled him in any way, after the mortgage, from selling, leasing, or mortgaging said lands, or carrying into effect a prior engagement to mortgage his remaining*

*interest, whatever that might be*—*then* the decision would completely cover the equity and object of this bill—not otherwise.

It would be monstrously absurd to say any such decision ever was made, or could have been made, upon the facts presented. But this must be held to be the scope of the former decree before it can be admitted to be a bar here.

Hempstead, for the appellees.

In *Duncan vs. Biscoe*, 2 *Eng*. 175, the bill was dismissed on demurrer *for want of equity*, and this bill being substantially for the same purpose, and embracing the same matters, that decree is a bar to this suit. That decision is the law of the case. 5 *Eng*. 101; 14 *Ark*. 523.

A former decree may be pleaded, or may be relied on in the answer. 6 *Ohio* 528; 7 *Ohio* 184; 6 *J. J. Marsh*. 536; 1 *How. S. C. R*. 151; 2 *Comst*. 113.

Identity of names is *prima facie* evidence of identity of persons. 6 *Eng*. 150; 7 *Eng*. 719; 4 *Mon*. 526; 7 *Eng*. 187; 19 *Vesey* 181.

A decree is binding on parties and privies. 1 *Greenl. Ev*. 523, 535, 536, 551; 4 *Peters* 85; 14 *Johns*. 81.

The previous suit must be for the same matter to be a bar to a second. 2 *Daniell* 721; 2 *Comst*. 114. And must be proved by the record. *Ib*.; 7 *Eng*. 187; 1 *Dana* 576; 14 *Conn*. 61.

A decree cannot be impeached by original bill, except for fraud. 3 *P. Wms*. 371; 2 *Atk*. 348; 3 *Atk*. 810; 4 *Johns. Ch. R*. 199; 1 *Johns. Ch. R*. 189.

Where a bill is dismissed on demurrer for want of equity, it is such a decree on the merits as can be pleaded in bar to a second suit for the same cause. 1 *Atk*. 571; 4 *J. C. R*. 300; 3 *Phil. Ev*. 916; 8 *Geo*. 524; 14 *Peters* 161; 13 *Ill*. 301; 2 *Comst*. 119; 14 *Vesey* 232; 7 *J. C. R*. 286.

If a plea is replied to, the bill must be dismissed, if the truth of the plea is established. 14 *Peters* 257; 6 *Wheat* 472; 2 *Paige* 345; *S. C*. 6 *Paige* 139; 3 *P. Wms*. 94; 2 *Daniell* 798.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a bill to foreclose a mortgage, filed in the Monroe Circuit Court, 23d June, 1848. The original complainants were Henry L. Biscoe, Sandford C. Faulkner, and others, residuary Trustees of the Real Estate Bank, under the deed of assignment. In the progress of the cause it was shown that, by an order of the Chancery Court for Pulaski county, the Trustees had been removed, and the assets of the Bank placed under the management of Gordon N. Peay, as Receiver, and he was substituted as complainant in the bill.

The defendants were William B. Duncan, Francis Surget, John Ker, Alfred Mullins, William McBride and John Smith.

The bill alleges that on the 2d July, 1837, Duncan having subscribed for 300 shares of the capital stock of the Real Estate Bank, in order to secure the stock, and the repayment of the moneys to be borrowed by him, under the charter, on account of his stock, executed to the Bank a mortgage upon a number of tracts of land, which are described, amounting to 3,218 acres, etc., situated in Monroe county, of which he was then the owner in fee. The mortgage was conditioned for the payment of all moneys which Duncan might receive from the Bank on account of his subscription for stock, etc., and for the payment of such sum of the bonds of the State, issued in favor of the Bank, as would be equal to the amount of stock allowed him, etc.; and, also for the payment of the bond given by him for stock, etc., etc. Duncan to remain in possession of the lands until legally sold to discharge his obligations and liabilities aforesaid. Mortgage duly acknowledged and recorded 3d October, 1837, in Monroe county.

That on the 4th December, 1839, after the award of stock to Duncan, in order further to secure the payment of said stock, moneys, etc., and to correct mistakes made in the first mortgage, in the description of the lands, he made a second mortgage to the Bank, upon the same lands (with corrections, exceptions, etc., stated), conditioned in all respects as the first mortgage:

which was duly acknowledged and recorded on the day of its execution.

On the 16th of September, 1837, the board of managers awarded to Duncan 234 shares of stock, etc.: and, under the 17th section of the charter, he became entitled, as stockholder, to borrow from the Bank $11,700: and accordingly borrowed the same at the following times, and in the following amounts:

October 18th, 1839 ······················· $10,534

November 29th, 1839 ····················   1,166

For which several sums he executed his notes, reciting his rights as stockholder, and binding himself to repay the money so borrowed, by annual payments, so that the whole should be paid by 25th October, 1856, and to pay annually, in advance, interest at the rate of eight per cent. on the part of the sums remaining unpaid at the end of each year. The notes are exhibited.

The bill further alleges the assignment of the Bank of the 2d April, 1842, to Trustees, including Duncan's mortgages and notes: that complainants were residuary Trustees, etc., and that the charter of the Bank had been forfeited, etc.

That there were no known liens upon the lands of older date than the mortgages.

That on the 29th November, 1843, Duncan conveyed the lands to Surget and Ker, who were originally joint equitable owners thereof with him. He borrowed said moneys from the Bank, and executed the mortgages upon the lands with their knowledge and consent. When he conveyed the lands to them, it was with the express understanding that they were bound for the moneys so borrowed by him. Immediately after Duncan sold the lands to them, he left the State, and has never returned, and they are also non-residents. They agreed to pay Duncan's debts to the Bank, and were allowed the amount thereof out of the price of the lands in purchasing them of him.

Since the date of the mortgages, the defendants, Mullins, McBride and Smith, had entered upon the lands as tenants of

6

Surget and Ker, leasing from them with notice of the mortgages, etc.

Duncan's notes to the Bank remain unpaid, except some small credits, which are stated.

Prayer for foreclosure of the mortgages, sale of the lands, etc., and for general relief.

A demurrer was interposed to the bill in behalf of all the defendants. Afterwards Duncan and Surget withdrew the demurrer as to them, and filed a joint and several plea in bar, accompanied by the answer of Surget as to the matters of discovery prayed by the bill.

The substance of the plea is, that the Trustees of the Bank had previously filed a bill, in the same Court, against Duncan, Surget and Ker, to foreclose the same mortgages, for the same debt; that a demurrer was interposed thereto, overruled by the Court, and decree thereupon against the defendants: that they appealed to this Court, the decree was reversed, and the cause remanded, and the demurrer sustained, and the bill dismissed for want of equity, in obedience to the mandate of this Court.

The death of Ker was suggested, and his executor, widow and heirs made parties. His executor, Duncan, answered the bill, setting up the former decree relied upon by the plea, etc.

The complainants entered replications to the plea and answers.

The cause was heard April, 1856, upon bill, plea, answers, replications and exhibits, and the bill dismissed for want of equity; and Peay, Receiver, etc., appealed.

The objections made by the counsel for the appellant, in the argument here, to the sufficiency of the plea in bar of the bill, ·come too late.

If a complainant conceives a plea to be defective in form or substance he may take the judgment of the Court upon its sufficiency by setting it down for argument; which, in practice, operates as a demurrer. But if the complainant replies to a plea, he puts in issue the truth of its allegations: and if, upon the hearing, the defendant proves the truth of the matter pleaded, the

suit, so far as the plea extends, is barred, even though the plea is not good in point of form or of substance.    *Story Eq. Plead., sec.* 697; 2 *Daniell Chan. Prac. aud Plead.* 793, 795; *Lube's Eq. Pl.* 51.

In this case the complainant replied to the plea.

In support of the truth of the allegations of the plea, the defendants exhibited and read upon the hearing, transcripts of the proceedings, etc., of the Monroe Circuit Court, and of this Court, on appeal, in the first bill to foreclose the mortgages in question referred to in the plea.    The parties to that bill, it is manifest, were the same, in legal effect, as the parties to the bill now before us, except that three of the defendants to the present bill, *Mullins*, *McBride* and *Smith* were not parties to the first.    But it is shown that they were in possession of the mortgaged premises as tenants of Surget and Ker, and held in no other right.

It clearly appears, also, that the first bill was to foreclose the same motgages, upon the same property, and for the same debt, as the second: and that the final decree against the complainants, (the Trustees of the Bank,) though upon demurrer, was upon the merits, and not upon mere formal defects in the bill. (See *Duncan et al. vs. Biscoe et al.*, 2 *Eng. R.* 175.)

The general principles of law in respect to the conclusiveness of judgments and decrees of the domestic tribunals are well settled, and perfectly intelligible.    A judgment or decree of a Court of competent jurisdiction, directly upon the point, is conclusive between the same parties, or their privies, upon the same matter, when brought into question in the same Court, or in another court of concurrent jurisdiction.    The rule is founded upon considerations as well of abstract justice as of public policy, which forbids the litigation of any matter which has been once fairly determined by proper and competent authority between the same parties, or those standing in the relation of privies to them.    *Blount & wife vs. Darrach*, 4 *Wash. C. C. R.* 659; *Duchess of Kingston's Case*, 20 *State Trials;* 1 *Greenleaf's Ev. Sec.* 528; *Shall as ad. vs. Biscoe et al.*, 18 *Ark.* 163;

*Hannah ad. vs. Carrington et al., ib.* 102; *Trammell et al. vs. Thurmond,* 17 *ib.* 212; *Moss vs. Ashbrooks,* 7 *Eng. R.* 373.

In *Duncan et al. vs. Biscoe et al.,* which is relied upon as a bar to the present bill, this Court decided that the Trustees of the Bank had no interest, general or special, in the stock mortgages; that they were held for the benefit of the bondholders, and the indemnity of the State; that the Trustees could not foreclose the mortgages to obtain payment of the stock loans; and that these loans were made on the faith of the stock owned by the borrowers, and not upon the mortgages.

This decision is the law of the case, notwithstanding it was overruled in *Wilson vs. Biscoe et al.* 6 *Eng. R.* 44.

Every consideration of public policy requires that a matter once fairly and solemnly adjudicated between parties, should forever be at rest. If a party suffers loss from an erroneous decision, it is but an unavoidable incident to the administration of justice by imperfect beings.

The decree is affirmed.