SALLEE, TREASURER, *v.* BANK OF CORNING.

Opinion delivered April 29, 1918.

1. GARNISHMENT—IMPROVEMENT DISTRICT—BOARD OF DIRECTORS.— The board of directors of an improvement district are not subject to garnishment at law.

2. RES ADJUDICATA—COLLATERAL PROCEEDING IN EQUITY.—In an action by the treasurer of a drainage district against a bank to recover funds of the district alleged to be in the hands of the bank, *held,* a plea of *res adjudicata* by the bank would be sustained, the issues having been determined in another proceeding in equity.

3. RES ADJUDICATA—TIME OF INSTITUTION OF SUIT AND RENDITION OF JUDGMENT.—The fact that a judgment was obtained after the commencement of the suit in which it is pleaded, does not prevent its being a bar. The priority of the judgment upon the same cause of action is the determining test.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*T. W. Campbell* and *W. L. Pope,* for appellant.

It was error to sustain defendant's plea of *res judicata.* To constitute *res judicata* it is essential that the same issues between the same parties be determined. Neither the parties nor issues here were the same. A judgment in a garnishment suit is not conclusive except as against the plaintiff, and will not support a plea of *res judicata.* 2 Black on Judg. (2 ed.), § 594; Drake on Att. (7 ed.), § 707; 85 Penn. 333; 37 Vt. 127; 35 Pa. St. 308; 9 Martin, 396; 29 Ind. 489; 11 Mass. 334; 33 N. H. 511.

The bank was not garnished prior to the action against it, but the proceeding was brought in the chan-

cery court while this action was pending in the circuit court. The judgment was no defense. Rood on Garnishment, § 145. See also 2 Wade on Att., § 494; 23 S. E. 692; 99 Mass. 313; 97 *Id.* 107; 48 Mich. 273; 45 Tex. 503.

*C. H. Henderson* and *G. B. Oliver,* for appellee.

The treasurer was not entitled to the funds. A judgment had already been rendered against the garnishee for the full amount of the funds. The whole matter had been litigated and the matter was *res judicata.* If the chancery court erred, the remedy was by appeal. 20 Cyc. 1075 (4); *Ib.* 1002 (5); 23 *Id.* 1062 (C); 123 Ark. 42; 90 Ark. 236; 107 *Id.* 189, 199.

### STATEMENT OF FACTS.

On July 8, 1915, J. O. Sallee, as treasurer of Running Lake Drainage District, sued Ferd Spinnenweber and the Bank of Corning to recover a sum of money alleged to be in the hands of the bank which belonged to the drainage district.

The complaint alleged that Ferd Spinnenweber had been treasurer of the drainage district and had been succeeded in office by J. O. Sallee; that Spinnenweber at the expiration of his term of office had in his hands the sum of $26,775.81, which he had deposited in the Bank of Corning; that he gave to Sallee a check upon the Bank of Corning for said sum; that the check was duly presented to the bank and payment thereof refused.

The circuit court sustained a demurrer to the complaint, and, the plaintiff electing to stand on his demurrer, judgment was rendered against him in favor of the defendants.

The plaintiff appealed to this court, which reversed the judgment of the circuit court. The court held that the treasurer of the drainage district had a right to maintain an action against any person or corporation improperly withholding the money of the district from him. The court also held that the complaint in effect alleged that Spinnenweber had deposited the funds of the district in

the Bank of Corning and that the funds were wrongfully withheld by the bank from the custody of Sallee as treasurer. It was ordered that the cause be remanded for further proceedings according to law. *Sallee* v. *Bank of Corning,* 122 Ark. 502.

Upon a remand of the case, at the July, 1916, term, of the circuit court, the Bank of Corning filed a separate answer to the complaint substantially as follows:

It admitted that Spinnenweber had been treasurer of the district, and that at the expiration of his term of office there was on deposit at the Bank of Corning the sum of $26,775.81. It admitted that the bank had refused to pay the check drawn on it by Spinnenweber in favor of Sallee, as treasurer of the drainage district, for this amount, and as a reason therefor alleged that the check was drawn in violation of a contract entered into between the district and the bank at the time the funds were deposited. It alleged that Spinnenweber deposited the funds in the bank by order of the board of directors of the drainage district under a contract which provided that the funds were to remain in the bank until they were needed to be paid out for the work of the construction of the improvement. W. R. Brown entered into a contract with the district to construct the improvement for $85,000. The district was unable to sell its bonds at par, and Brown was unable to continue the contract unless money was furnished him for that purpose. The Bank of Corning had already made advances to Brown to be used in performing his contract. Brown, after consulting with the Bank of Corning, agreed to purchase the bonds of the district at par and continue his work in constructing the improvements if the funds from the sale of the bonds should be deposited in the Bank of Corning and should not be drawn out except in payment for work performed by Brown under his contract. Under this agreement the bank was to pay one per cent. interest on daily balances due the district. The district was a party to this agreement, and the bank executed to Spinnenweber a bond for the use of the district to protect it against loss

on account of the deposit. The bank has at all times been ready and willing to pay all warrants drawn on it by the drainage district for the construction of the improvement. It has paid all the warrants drawn on it by the district. Since the beginning of this suit it has paid out more than $20,000 on the orders of the district. There is on deposit in the bank only $8,791.01. Brown has completed his work under his contract with the drainage district, and there is not sufficient funds left in the bank to pay him for his work. The bank also filed a plea of *res adjudicata*.

Subsequently to the institution of this suit in the circuit court, Brown brought suit in the chancery court against the drainage district to recover the amount due him and had a writ of garnishment issued against the Bank of Corning. The writ of garnishment was returnable on September 4, 1916. Brown asked that the bank of Corning be compelled to answer in the chancery court the amount of funds in its possession belonging to the district and be required to pay the same according to the orders of the chancery court.

The prayer of the complaint in the present action was that the cause be transferred to the chancery court and consolidated with the suit brought by Brown against the district there and that the rights of the respective parties be determined in equity. The motion of the Bank of Corning to transfer the case to the chancery court was overruled. The bank presented its motion to have the trial of this cause postponed until after the determination of the suit in the chancery court. This motion was granted. To sustain its plea of *res. adjudicata,* the bank introduced in evidence all the proceedings in the chancery suit.

In the equity suit of Brown against the drainage district in which the bank was garnished, the bank filed what it termed an answer and cross-complaint. It admitted that it owed the drainage district $8,790.01 with one per cent. interest thereon from the 23d day of June, 1916, and stated that said sum was on deposit in the bank to

the credit of the treasurer of the drainage district. It denied that it was indebted to the district or had in its possession any other property or money belonging to said district. It set forth at length the contract and circumstances accompanying the deposit of the money in the bank substantially as stated above. It further stated that Brown had completed his contract with the drainage district for the construction of the drains and that the district was indebted to Brown in a sum largely in excess of the amount on deposit. It stated that the funds were deposited in the bank under a contract between the bank, the district and Brown, and that it was ready and willing to pay to Brown whatever amount the court might find to be due him. The prayer was that the answer be considered as a cross-complaint against the drainage district that the court determine the amount of funds owed by the bank to the drainage district, and direct the payment thereof to the proper person. It asked that summons be issued and served upon the bank. The answer and cross-complaint were filed and summons issued on August 9, 1916. The return on the summons shows that it was duly served by the sheriff on the directors of the drainage district on the 12th day of August, 1916.

The drainage district filed a demurrer to the answer and cross-complaint of the bank, which was sustained, and the bank was given thirty days within which to amend its answer and cross-complaint. The decree recites that the cause was heard upon the complaint and the amendments thereto, upon the answer and cross-complaint of the defendants, and upon the allegations and interrogatories filed against the garnishee, the Bank of Corning, the answer to the interrogatories and cross-complaint of the Bank of Corning, and upon the depositions of certain named witnesses.

The court found that Brown was entitled to recover of the defendant the sum of $11,902.67 with interest thereon at the rate of six per cent. per annum from the 16th day of June, 1916.

The court further found, from the answer filed by the Bank of Corning and from the testimony introduced, that there was on deposit in the Bank of Corning, subject to be applied to the payment of the judgment in favor of Brown, the sum of $8,790.01, with one per cent. interest thereon from the 23d day of June, 1916; that the funds of the drainage district derived from the sale of its bonds were deposited in the Bank of Corning upon a contract that the bank should pay one per cent. interest on daily balances; that there was due from the bank to the drainage district the sum of $8,852.25.

The court found for Brown against the defendant drainage district for the sum of $12,420.42. It was decreed by the court that Brown have and recover from the drainage district the sum of $12,420.42 and all costs; that the Bank of Corning, the garnishee, be ordered and directed to pay to Brown the sum of $8,852.25; that upon payment of said sum to Brown the bank be discharged from all liabilities on account of every claim of every kind by the drainage district or its treasurer.

The court was of the opinion that the bank's plea of *res adjudicata* should be sustained, and judgment rendered for the defendant. Judgment was accordingly rendered in favor of the defendant bank, and the plaintiff has appealed.

HART, J., (after stating the facts). It is earnestly insisted by counsel for the plaintiff that the court erred in sustaining the defendant's plea of *res adjudicata.* The record shows that the treasurer instituted the present action against the bank to recover from it the funds in its hands belonging to the drainage district before Brown instituted his suit in chancery against the drainage district to recover the amount due him by it and in which the bank was garnished. Therefore it is claimed that this case is governed by the rule of priority in assuming jurisdiction. One reason given is that, if the principal debtor should be bound by garnishment proceedings subsequently instituted in another court, he would be placed

entirely in the power of his debtor who might, by confessing in his answer in the garnishment proceedings a smaller indebtedness than actually existed, practice a fraud upon his creditors. Then, too, a collision would be produced in the jurisdiction of courts which would embarrass the administration of justice.

It is also pointed out that if the question of the indebtedness between the principal defendant and the garnishee could be litigated in the subsequent proceedings the garnishee might be compelled to pay the same debt twice. In support of their position counsel cite Black on Judgments (2 ed.), vol. 2, § 594, and the decisions of courts of numerous States which need not be cited, for the reason that the principles of law contended for are firmly established.

We do not think, however, the rule contended for is applicable to the facts of the present case and the issue raised by the pleadings. It is true the court had jurisdiction of the persons and of the subject-matter in the present suit which was instituted first, and that ordinarily the rule of priority in assuming jurisdiction would govern. Subsequently, however, Brown instituted a suit in chancery against the drainage district to recover what it owed him, and the bank was made a garnishee in that suit. Equity was the proper forum in which to bring that action. The board of directors of the drainage district was an agency of the government created for public purposes, and on the ground of public policy was not subject to garnishment at law. *Plummer* v. *School District No. 1 of Marianna,* 90 Ark. 236, and *The Goyer Co.* v. *Williamson,* 107 Ark. 189.

Of course, under the authorities above cited, the drainage district would not ordinarily have been concluded by the adjudication in the garnishment proceedings of the amount due by the bank. The bank, however, by its answer and cross-complaint made that an issue and asked that a summons be issued and served on the district on its cross-complaint. This was done. The district filed a demurrer to the answer and the cross-com-

plaint of the bank raising this issue. The demurrer was sustained by the court, but the bank was given thirty days in which to amend its answer and cross-complaint. It is true the record does not affirmatively show whether or not this amendment was made by the bank. But the record does affirmatively show that the case was heard upon the complaint and amended complaint of the plaintiff, the answer and cross-complaint of the defendant and upon the allegations and interrogatories filed against the garnishee, the Bank of Corning, the answer to the interrogatories and cross-complaint of the Bank of Corning and upon the depositions of certain named witnesses.

The court specifically recites in the decree that it found from the answer and cross-complaint of the bank and the testimony introduced that the sum of $8,852.25 was due from the Bank of Corning to the drainage district. The court also found that the drainage district owed Brown a sum in excess of that amount by several thousand dollars. The bank was ordered to pay the plaintiff said sum of $8,852.25, and it was specifically decreed that, upon the payment of said sum to the plaintiff, the Bank of Corning be discharged from all liabilities on account of every claim of every kind by the drainage district or its treasurer. Here then is a direct adjudication of the very matter now at issue. The presumption is, in the absence of a showing to the contrary, that the bank amended its pleadings pursuant to the leave given it by the court, and that proof was taken on the issue as to the amount the bank owed the drainage district. This is shown by the fact that the record shows that the case was heard upon the answer and cross-complaint of the bank as well as the other pleadings in the case, and that the court adjudicated the issue on this question from the proof introduced and made a specific finding and a specific direction in the decree on this question. In other words, we think the record of the proceedings in the chancery court shows that that court expressly adjudicated the question of the amount due the drainage district by the bank. If the drainage district

had preserved its exceptions to the action of the court in passing upon this question in the equity suit and had taken an appeal from an adverse decision of the chancellor, it may be that, under the principles of law above decided, this court would have reversed the decree. No appeal, however, was taken from that decree. Inasmuch as it expressly adjudicated the questions now at issue, the court in the instant case properly sustained the bank's plea of *res adjudicata.*

The decision of the chancellor in the equity case was a final adjudication of the only question which is sought to be determined by this appeal.

In the case of *Church* v. *Gallic,* 76 Ark. 423, the court quoted with approval from Black on Judgments, the following:

"The fact that a judgment was obtained after the commencement of the suit in which it is pleaded does not prevent its being a bar. It is the first judgment for the same cause of action that constitutes an effective defense, without regard to the order of time in which the suits were commenced. Hence it follows that a prior judgment upon the same cause of action sustains the plea of a former recovery, although the judgment is in an action commenced subsequent to the one in which it is pleaded."

To the same effect see *Henry Quellmalz Lbr. & Mfg. Co.* v. *Day,* 132 Ark. 469.

It follows that the judgment must be affirmed.