FIRST NATIONAL BANK *v.* FARMERS' & MERCHANTS' BANK.

Opinion delivered June 11, 1923.

1. TROVER AND CONVERSION—REFUSAL TO ACCOUNT FOR FUNDS.— Where plaintiff and defendant banks each had a mortgage on separate undivided interests in a crop of cotton, and plaintiff agreed that defendant might sell the cotton and account to plaintiff for its interest therein, the defendant's refusal to pay over to plaintiff the amount of plaintiff's interest received by it constituted a conversion thereof and rendered defendant liable to plaintiff.

2. JUDGMENT—CONCLUSIVENESS.—Where plaintiff in the present action had intervened in a prior action, and without objection was allowed to dismiss the intervention without prejudice, plaintiff was not concluded by a subsequent judgment therein.

3. GARNISHMENT—FAILURE TO MAKE DEFENSE.—Where defendant as garnishee in another proceeding permitted a judgment to go by default in favor of the garnishee, without making defense that the money in its hands belonged to the plaintiff in the present proceeding, it is no defense that if plaintiff recovers defendant will be forced to pay the money twice.

Appeal from Poinsett Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

STATEMENT OF FACTS.

On the 8th day of November, 1921, the Farmers' & Merchants' Bank of Marked Tree brought this suit in equity against the First National Bank of Marked Tree and O. A. Rushing, to foreclose a mortgage on four bales

of cotton executed in its favor by O. A. Rushing, and to recover judgment against the First National Bank of Marked Tree in the sum of $123.13 for the proceeds received by it from the sale of said cotton.

The Retail Lumber Company was allowed to intervene and claim the $123.13 under and by virtue of a suit against O. A. Rushing for an account due it by him and a garnishment proceeding against the First National Bank of Marked Tree.

It appears from the record that on the 1st day of November, 1920, O. A. Rushing borrowed $1,800 from the Farmers' & Merchants' Bank, and gave a chattel mortgage on certain cotton grown by him to secure the indebtedness, which was evidenced by his promissory note. During the month of December, 1920, O. A. Rushing told J. D. DuBard, the cashier of the Farmers' & Merchants' Bank, that C. E. Causey, cashier of the First National Bank, had requested that he be permitted to ship the mortgaged cotton and sell it in the name of the First National Bank. He stated further that the First National Bank held a mortgage on the interest in the cotton belonging to J. S. Roy, a share-cropper of O. A. Rushing. Rushing told Causey that his interest in the cotton was mortgaged to the Farmers' & Merchants' Bank, and that he would consent for the First National Bank to ship and sell said cotton provided that it would turn over his share of the proceeds to the Farmers' & Merchants' Bank. Mr. Causey agreed to this. DuBard told Rushing that this agreement would be satisfactory to the Farmers' & Merchants' Bank, and asked Rushing to get a letter from Causey to the Farmers' & Merchants' Bank confirming the agreement to pay over the proceeds from Rushing's interest in the sale of the cotton to the Farmers' & Merchants' Bank. DuBard testified that he never agreed for Rushing to ship or sell the cotton.

The above is a brief statement of the testimony of J. D. DuBard and O. A. Rushing.

According to the testimony of C. E. Causey, he was the cashier of the First National Bank, and the treasurer and secretary of the Retail Lumber Company. A number of officers of the First National Bank are also officers of the Retail Lumber Company. Causey shipped the cotton in question for the First National Bank, and sold it. That bank had a mortgage on J. S. Roy's interest in the cotton. The interest of O. A. Rushing in the proceeds from the sale of the cotton amounted to $123.13.

Causey denied that he made an agreement with J. D. DuBard to pay over the proceeds of Rushing's interest in the cotton to the Farmers' & Merchants' Bank. He admitted that Rushing asked for an order that the proceeds be paid to his bank, but that he had refused to do so.

It also appears from the record that the Retail Lumber Company brought suit against O. A. Rushing to recover $112.71, due it on account, and caused a writ of garnishment to be issued and served upon the First National Bank. The Farmers' & Merchants' Bank was allowed to intervene in said action, and, before judgment was rendered in the circuit court, it was allowed to withdraw its claim as intervener. So it will be seen that the proceeds arising from the sale of the same cotton was involved in both suits.

On the 16th day of May, 1922, judgment was rendered in the circuit court in favor of the Retail Lumber Company against O. A. Rushing in the sum of $112.71, with the accrued interest. Judgment was rendered by default against the defendant Rushing, and also against the garnishee, First National Bank. The judgment recited that the petition of the intervener, Farmers' & Merchants' Bank, had been withdrawn.

Another order of the court showed that the petition of the intervener, Farmers' & Merchants' Bank, was withdrawn without prejudice.

On the 28th day of September, 1922, a decree was rendered in the chancery case in favor of the Farmers'

& Merchants' Bank against the First National Bank for
$123.13.

To reverse that decree, the First National Bank has
duly prosecuted an appeal to this court.

*J. G. Wascom,* for appellant.

Appellee lost its lien by agreeing that the cotton
should be sold, and ratified the sale by proceeding at
law, and could not afterwards go into equity to fore-
close mortgage. *Bradley* v. *Brigham,* 3 L. R. A. 507. It
elected to pursue its remedy at law, and is bound thereby.
*Garvin* v. *Squires,* 9 Ark. 533; 9 R. C. L. 965. Waived its
mortgage lien by intervening in suit at law. 64 Ark. 213;
50 L. R. A. 714, note. The decree should not be allowed
to stand and appellant required to pay the claim to two
different judgment creditors. 9 R. C. L. 963; 123 Wis.
510, 102 N. W. 1, 3 Ann. Cas. 773. The former judgment
at law by the Retail Lumber Company against appellant
as garnishee precludes appellee from recovery in equity.
48 Ark. 349; 91 Ark. 252. Judgment against garnishee
by default is final. C. & M. Digest, § 4916. Appellee,
after its election of remedies, cannot follow the property
or its proceeds. 9 R. C. L. 969, note 4; 101 Wis. 286,
77 N. W. 149, 7 A. L. R. 926.

*C. T. Carpenter,* for appellee.

Appellee bank consented to a sale of the mortgaged
cotton in which both were interested, by appellant bank,
on its agreement to pay over its part of the proceeds of
sale. Appellant bank could not disregard its agreement
and permit some one else to take appellee's part of pro-
ceeds of sale and escape liability therefor. 56 Ark. 475.
There is no merit in the contention that appellee lost its
right to recover its interest in the proceeds of the sale
of the mortgaged cotton by election of remedies, and the
cases cited have no application here. Appellee assumed
no inconsistent position in filing the intervention, which
was later withdrawn without prejudice, and it is only
equitable for him to pursue his remedy here. *Craig* v.
*Merriwether,* 84 Ark. 306; 35 Ark. 376; 18 Ark. 344.

It is appellant's own fault if it shall have to pay two judgments for this money, and simple justice requires that it shall pay appellee.

Hart, J., (after stating the facts). It appears from the record that the Farmers' & Merchants' Bank had a valid mortgage on the undivided interest of O. A. Rushing in certain cotton raised by him, and that the First National Bank had a mortgage on the interest of J. S. Roy, a share-cropper of Rushing, in the same cotton.

One of the grounds relied upon by appellant for a reversal of the decree is that appellee had given Rushing permission to sell the cotton, and had thereby lost its mortgage lien. Both Rushing and DuBard, the cashier of the Farmers' & Merchants' Bank, denied that that bank gave Rushing permission to sell the mortgaged cotton. They both testified that the Farmers' & Merchants' Bank gave the First National Bank permission to sell the cotton, because they both had separate mortgages on separate undivided interests in the cotton. It was understood that, when the cotton was sold, Rushing's interest in the proceeds should be turned over to the Farmers' & Merchants' Bank and applied towards the payment of his mortgage indebtedness to that bank.

It is true that the cashier of the First National Bank contradicted this testimony, but the chancellor found in favor of the Farmers' & Merchants' Bank on this point, and it cannot be said that his finding is against the preponderance of the evidence. Hence it became the duty of the First National Bank to turn over to the Farmers' & Merchants' Bank the sum of $123.13, which was the amount received by it from the sale of Rushing's interest in the mortgaged cotton. The Farmers' & Merchants' Bank and the First National Bank each had a mortgage on an undivided interest in the same cotton. The parties had a right to agree to a private sale of the mortgaged cotton and to apply the proceeds of the sale to the mortgage indebtedness, respectively, of Rushing and Roy. This, by agreement of the parties, amounted to a

foreclosure of the mortgage at private sale, and the refusal of the First National Bank to pay the proceeds arising from the sale of Rushing's interest in the cotton to the Farmers' and Merchants' Bank amounted to a conversion of the same by it, and made it liable therefor to the Farmers' & Merchants' Bank. In short, the refusal of the First National Bank to pay over to the Farmers' & Merchants' Bank the amount received by it from the sale of Rushing's interest in the cotton amounted to a conversion of the proceeds, and rendered it liable to the Farmers' & Merchants' Bank therefor.

It is next insisted by counsel for appellant that appellee, having been allowed to intervene in the suit in the circuit court filed by the Retail Lumber Company against O. A. Rushing as defendant and the First National Bank as garnishee, could not subsequently withdraw from that suit, and that the judgment of the circuit court in favor of the Retail Lumber Company against First National Bank, garnishee, settles the issues and precludes the Farmers' & Merchants' Bank from recovering against the First National Bank in the chancery case. That would be true if that suit had proceeded to judgment before the Farmers' & Merchants' Bank had been allowed by the court to withdraw from it. The record shows that its intervention in that suit was dismissed without prejudice, and that the present suit was instituted by it against the First National Bank on the same cause of action before judgment was rendered in the circuit court in favor of the Retail Lumber Company against the First National Bank as garnishee.

It is insisted by counsel for appellant that, if appellee is allowed to recover against it in this suit, it will have to pay twice. That is true, but the fault is with appellant. As we have just seen, the intervention of appellee in the circuit court was withdrawn without prejudice, and the present suit was begun in the chancery court before the case in the circuit court came on for hearing. Notwithstanding the pendency of the suit in

the chancery court, the appellant allowed the Retail Lumber Company to take judgment against it by default in the circuit court. No doubt this was done with the desire to favor the Retail Lumber Company, because the officers in that company and in the First National Bank were practically the same. The First National Bank had a right to favor that company in any way it could legitimately do so, but it had no right to favor it to the legal prejudice of the Farmers' & Merchants' Bank. The latter had the right, by permission of the court, to withdraw from the suit in the circuit court without prejudice, and to institute a new suit on its own account on the same cause of action against the First National Bank. If the latter bank wished to avoid payment twice, it should have defended the garnishment suit in the circuit court and not have allowed judgment to be rendered against it by default. Not having done so, it took the chance of the Farmers' & Merchants' Bank's recovering the proceeds arising from the sale of Rushing's interest in the cotton in the chancery court.

Appellant made no objection to the appellee dismissing its intervention in the suit in the circuit court, and is not now in an attitude to complain of the court's action in allowing the dismissal without prejudice.

In this connection it may be said that no objection was made by appellant to appellee's bringing suit against it for the conversion of the mortgaged cotton in the chancery court.

The decree of the chancery court will therefore be affirmed.