AMERICAN COMPANY OF ARKANSAS *v.* WHEELER.

Opinion delivered March 31, 1930.

446

*Saxon & Warren* and *H. G. Wade*, for appellant.

*McMillen & Scott* and *Carmichael & Hendricks*, for appellee.

HART, C. J., (after stating the facts). Counsel for the insurance companies claim that they were entitled to file a suit in the nature of a bill of interpleader in order to avoid a multiplicity of suits between the conflicting claimants to the fund agreed to be paid by the insurance companies on the fire insurance policies in question. They rely on the case of *Chicago, Rock Island & Pacific Railway Company* v. *Moore,* 92 Ark. 446, 123 S. W. 233, where it was held that a bill in the nature of interpleader is one in which the complainant seeks certain relief of an equitable nature concerning the fund in dispute in addition to the interpleader of conflicting claimants. In that case it was also held that where a creditor sued in a court of one county, and subsequently was made a party to a bill of interpleader in the court of another county, and restrained from proceeding further in the former suit, he should have appealed in the latter court and set up all his rights there, and cannot litigate his claim in the former court. That case is determinative of the right

of the insurance companies to file a suit in the nature of a bill of interpleader, but it is not conclusive of the rights of the parties under such a suit.

The chancery court having jurisdiction in the suit in the nature of a bill of interpleader, according to the usual practice, could restrain the several parties to the suit from proceeding in other courts to have the same matters adjudicated; but it by no means follows that one of the defendants could be divested of rights which he had already acquired by judgment in another court of competent jurisdiction. Such a doctrine would entirely destroy the conclusive character of judgments between parties and privies as to the matters which were the subject of litigation. It is a rule of universal application that a question of law in issue in a former suit, and which was there judicially determined, is conclusively settled by the judgment thereon in so far as the parties to that action and persons in privity with them are concerned. The matter concluded by the judgment could not be again litigated in any future action between such parties or privies in the same court or in any other court of concurrent jurisdiction upon the same cause of action. The priority of the judgment upon the same cause of action in the determining test. *Sallee* v. *Bank of Corning,* 134 Ark. 109, 203 S. W. 276.

On the 7th day of May, 1929, the American Company of Arkansas secured a judgment against W. F. Conine in the garnishment proceedings to which the insurance companies had been made parties. This was before the insurance companies filed their interpleader in the chancery court. The judgment in the garnishment proceedings shows that the American Company of Arkansas had already secured a judgment against W. F. Conine, and that the garnishment proceedings were based on that judgment. Service of process was duly had upon the insurance companies, and this fact was recited in the judgment. The record shows that the case was heard upon the writs of garnishment, the interrogatories filed,

the answer of the garnishees, and the evidence introduced at the trial. The judgment in the garnishment proceedings was final and appealable. *Wilson* v. *Overturf*, 157 Ark. 385, 248 S. W. 898; *First National Bank* v. *Farmers' & Merchants' Bank*, 159 Ark. 384, 252 S. W. 34; *Bank of Eudora* v. *Ross*, 168 Ark. 754, 271 S. W. 703; and *Woods* v. *Quarles*, 178 Ark. 1158, 13 S. W. (2d) 617.

It is claimed by counsel for the insurance companies that they did not know that this judgment was rendered. This is no excuse. The judgment shows that service of process was duly had upon the insurance companies, and that they filed an answer. Thus, their appearance to the action was secured, not only by service of process, but also by their voluntary appearance in filing their answer. It then became their duty to follow the suit to the end, and they must take notice of all subsequent proceedings to the end of the action. *Trumbull* v. *Harris*, 114 Ark. 493, 170 S. W. 222; and *Farmers' Mutual Fire Ins. Co.* v. *Defries*, 175 Ark. 548, 1 S. W. (2d) 19.

No excuse whatever is offered on their part for allowing the judgment against them in the garnishment proceedings if they had any valid defense thereto. That judgment was final and appealable; and, not having appealed from it, the insurance companies are concluded now by it in so far as the rights of the American Company of Arkansas are concerned. It would be no answer whatever to say that Wheeler was not a party to that suit, and that they might have to pay the same claim twice on that account. It was their duty to have asked that he be made a party to that suit to the end that the rights of all interested parties and the conflicting claims might be litigated in the same suit.

C. B. Wheeler has been allowed to file an answer in the present suit in which he claims the insured property, and the American Company of Arkansas has contested his right to the proceeds of the insurance policies, so far as it is concerned, by alleging that the conveyance to him by Conine of the furniture and fixtures was in fraud of

their rights as a creditor of Conine. We agree with the American Company of Arkansas in its contention in this respect. The record shows that W. F. Conine and C. B. Wheeler were brothers-in-law. The furniture and fixtures insured formerly belonged to a partnership of which W. F. Conine was a member. The firm became financially embarrassed, and owed appellant in this action. About two years before the insurance policies were issued, it is claimed by Conine that he transferred the furniture and fixtures to C. B. Wheeler in payment of an indebtedness he owed Wheeler. Conine was permitted to remain in possession of the furniture and fixtures for the most of the time after the sale. This, in itself, was a circumstance indicating fraud. *Valley Distilling Co.* v. *Atkinson*, 50 Ark. 289, 7 S. W. 137; *Shaul* v. *Harrington*, 54 Ark. 305, 15 S. W. 835; and *Burke* v. *Sharpe*, 88 Ark. 433, 115 S. W. 145.

Wheeler was an unmarried man and lived with Conine most of the time after the sale. He worked for him for a part of the time. Both Conine and Wheeler were witnesses in the case; and, while they both testified that the sale was made, they did not give any satisfactory account of any indebtedness due Wheeler. They only stated that there was an existing indebtedness evidenced by a note. The note was not introduced in evidence, and the nature of the indebtedness was not explained. The property was not insured until nearly two years after they claim that the sale was made, and it was insured in the joint names of Conine and Wheeler. They also claim that the building belonged to Conine, and that the fixtures belonged to Wheeler, and that the policies were made in their joint names for their convenience. The property was destroyed by fire a short time after the insurance policies were issued. Wheeler lived with Conine, and was bound to know of the financial embarrassment of the firm of which Conine was a member. When all the attendant circumstances are considered, we are led to the conclusion that the transfer was made by Conine to

Wheeler to defraud the creditors of Conine, and that Wheeler had actual knowledge of the fact or was in possession of such facts as would constitute knowledge. *Harris* v. *Smith,* 133 Ark. 250, 202 S. W. 244.

The result of our views is, in so far as appellant is concerned, that the decree must be reversed and the cause remanded with directions to the chancery court to order the amount of its judgment and interest paid out of the funds deposited in the registry of the court by the insurance companies. Inasmuch as no appeal has been prosecuted by any of the defendants except appellant, the decree in other respects will be affirmed: that is to say, the remainder of the fund after satisfying the claim of appellant will be distributed by the chancery court in accordance with its former decree. It is so ordered.