BLACKWELL OIL & GAS CO. *v.* MADDUX.

Opinion delivered May 5, 1930.

*Jesse Reynolds*, for appellant.

*Morrow & Williams* and *Hugh Basham*, for appellee.

HUMPHREYS, J. This is an appeal from a judgment overruling a motion to set aside a judgment and grant appellant a new trial in the case of Geo. M. Maddux v. T. W. Flake and Mable Flake, in the circuit court of Johnson County, in which appellant was a garnishee. The Flakes, being non-residents of Arkansas, were constructively served in the original suit by publication in the Herald-Democrat, a newspaper printed and published in said county, for more than thirty days before the May, 1929, term of said court, the warning order appearing in the issues of said paper on the 21st and 28th days of March and the 4th and 11th days of April, 1929, although the proof of publication, through error, failed to show that the warning order appeared in the issue of April 11, 1929. Appellant was duly and personally served as a garnishee therein, and filed an answer admitting a contingent indebtedness of $7,400 to T. W. Flake, the contingency being that it would owe him said amount out of the proceeds of the sales of leases or of oil and gas upon certain acreage in said county when same should be sold. Relying upon the sufficiency of its answer and the deposition of Mr. Imel, its secretary, it did not again appear in the case. Appellee here—plaintiff in the original suit—filed a denial of appellant's answer in the garnishment, alleging that the contingent indebtedness had been reduced to a certainty by the production of gas in a large daily output on said lands, and that at the time it filed its answer it was indebted to T. W. Flake in the sum of $7,400. The judgment in the

original suit was rendered on May 8, 1929, and it was recited therein that the cause was heard upon the issues joined by the pleadings and oral and documentary evidence, from which the court found that T. W. Flake owed appellee herein $8,394.35, and that appellant herein owed T. W. Flake $7,400, for which amount judgment was rendered against appellant in favor of appellee. After the adjournment of the May, 1929, term of said court appellant filed the motion in the instant case to set aside said judgment and grant it a new trial, the grounds alleged being that the court acquired no jurisdiction over the Flakes because the proof of publication of the warning order failed to show that it was published on April 11, 1929, and that for that reason the court was without authority to render judgment against appellant as a garnishee, and that no triable issue was made upon the answer filed by appellant, the garnishee, which would warrant the rendition of a judgment in the original case. After the motion was filed and prior to the regular November, 1929, term of said court, appellee herein filed an amended and substituted proof of publication showing that the warning order against the Flakes was published four consecutive weeks in the Herald-Democrat on the 21st and 28th days of March and the 4th and 11th days of April.

The instant suit, although styled a motion for a new trial in the original action, is, in fact, an independent proceeding collaterally attacking the validity of a judgment after the adjournment of the court at which same was rendered on account of a clerical omission in the proof of publication, and because no triable issue was made upon the answer of appellant, the garnishee in the original suit.

Appellant's first contention for a reversal is that the court did not acquire jurisdiction of the parties defendant in the original suit until the proof of publication showed that the warning order appeared in four consecutive weekly publications of the Herald-Democrat.

Jurisdiction of the parties was acquired by proper publication of the duly issued warning order, and not by the proof thereof. The warning order was actually published as required by law, so the defect in the proof of publication thereof was subject to amendment so as to speak the truth, under our liberal statute allowing amendments. This court said in the case of *Johnson* v. *Lesser*, 76 Ark. 465, (quoting syllabus 1) : "Where, in a suit to foreclose a mortgage, a warning order against a nonresident mortgagor was duly published, the failure to make proof of such publication in the manner required by statute is an irregularity that does not affect the jurisdiction, and cannot be considered in a collateral proceeding."

We can see no good reason why the amendment correcting the proof of publication cannot be filed after, as well as before, the rendition of a judgment. In the case of *Smith* v. *Bank of Higden*, 115 Ark. 216, this court reversed the judgment of the circuit court, and remanded the cause with directions to remand the case to the justice of the peace with directions to set aside the judgment in the original case unless it should be shown by sufficient proof that the warning order had been published the requisite number of times. We think this case is authority for the proper practice in case of a defect in a warning order which can be cured by amendment.

Appellant's second contention for reversal of the judgment, for the reason that the answer of the garnishee was not sufficiently controverted, is without merit. Appellee herein, who was plaintiff in that case, denied the allegations of the answer of the appellant herein, who was garnishee in the original case, sufficiently to present an issue for determination by the court. The issue was tried with the result that a judgment was rendered against the garnishee, the appellant herein. As appellant had been personally served, and did not lose its right of appeal except through its own neglect, we do not think it can now successfully attack the judgment

by independent suit. Its proper and only remedy was by appeal.

No error appearing, the judgment is affirmed.