BLACKWELL OIL & GAS COMPANY *v.* MADDUX.

Opinion delivered January 19, 1931.

*Reynolds & Maze,* for appellant.

*Hugh Basham, W. J. Morrow* and *Linus Williams,* for appellee.

BUTLER, J. This case, in all its essential particulars, was before this court and here decided in the case of *Blackwell Oil & Gas Company* v. *Maddux,* 181 Ark. 726, 27 S. W. (2d) 514. Pending the appeal in that case, appellant instituted this proceeding in the chancery court setting out in its complaint the same state of facts as that involved in *Blackwell Oil & Gas Company* v. *Maddux, supra,* with the additional allegation that, since the judgment of the trial court in that case, Thomas W. Flake, the defendant, against whom judgment had been rendered on

service based on a warning order, had appeared, and, permission of the court having been granted, filed his answer in which he made specific denial of the allegations of the plaintiff, Maddux, and denied that he was indebted to the said plaintiff in any sum; and that the Blackwell Oil & Gas Company, as garnishee, whose indebtedness to Flake had been found to be the sum of $7,400, was ordered to pay that sum into the registry of the court, or to execute a bond conditioned that, if the appeal taken by the garnishee to the Supreme Court should be dismissed or the judgment affirmed, the garnishee would perform the orders and judgment of the court; that thereafter the answer was withdrawn, and a stipulation of settlement made between Maddux and Flake in which an indebtedness of $5,000 was acknowledged by Flake, and that judgment might be entered in favor of Maddux against Flake for that amount: that thereupon judgment for that amount was accordingly entered; that subsequently and during the same term of the court, on motion; that judgment was canceled, and in lieu thereof a judgment by consent was entered against Flake in favor of Maddux in the sum of $7,400.

The appellant, in his complaint, further alleged that the consent judgment last named was and is a fraud upon the court and upon the complainant, and that the stipulation and consent judgment were the result of a conspiracy between Maddux and Flake and made for the purpose of defrauding the complainant, and that it had a meritorious defense if permitted to make the same, in that it was not indebted to Thomas W. Flake in any sum whatever. To this complaint the appellee here demurred setting out a number of grounds, which demurrer was sustained by the court, from which order and judgment is this appeal.

The appellee interposed fourteen grounds of demurrer, the eighth, twelfth and fourteenth grounds being statements in varying language of the same ground as set out in the seventh, which is: "That the complaint, on its face, shows that the complainant on the 31st day

of August, 1929, filed a petition in the circuit court in and for Johnson County, seeking to avoid the judgment which the complainant now seeks to avoid, and that the circuit court on the 12th day of December, 1929, dismissed said petition and dissolved the injunction theretofore issued,'' and ''Eighth: That the complaint, on its face, shows that the complainant appealed to the Supreme Court from the order dismissing the petition, and that the order of the circuit court in dismissing said petition was duly heard by the Supreme Court and the order of the circuit court in dismissing said petition was affirmed by the Supreme Court.'' An examination of the complaint bears out the statements made in the demurrer and shows that all of the material allegations contained therein had been heard and determined in the case heretofore adjudicated and reported in the 181 Arkansas, *supra*. It is a judicial axiom that a judgment or decree of a court of competent jurisdiction directly upon the point, or upon all such matters as are necessarily within the issues and might have been litigated in that suit, are conclusive between the same parties or their privies when brought into question in a subsequent suit. This principle was recognized in the case of *Peay* v. *Duncan,* 20 Ark. 85, and has been consistently followed and reaffirmed whenever the question has arisen. The last expressions on the subject are found in *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. (2d) 610, and in *American Company of Ark.* v. *Wheeler,* 181 Ark. 444, 26 S. W. (2d) 115. In the latter case it is said: ''It is a rule of universal application that a question of law in issue in a former suit, and which was there judicially determined, is conclusively settled by the judgment thereon in so far as the parties to that action and persons in privity with them are concerned. The matter concluded by the judgment could not be again litigated in any future action between such parties or privies in the same court or in any other court of concurrent jurisdiction upon the same cause of action.''

The meritorious defense offered in the instant case is that Blackwell Oil & Gas Company, garnishee in the

case of *Maddux* v. *Flake,* was and is not indebted to Flake in any sum whatever. This identical question was raised in a former proceeding and the question determined adversely to the contention of the appellant here. *Blackwell Oil & Gas Co.* v. *Maddux,* 181 Ark. *supra.* Therefore, the doctrine announced in *Peay* v. *Duncan,* and *Robertson* v. *Evans,* and *American Co. of Ark.* v. *Wheeler, supra,* applies.

It follows that the decree of the trial court in sustaining the demurrer and dismissing the appellant's complaint must be affirmed. It is so ordered.