**Ellen P. KETCHUM, Appellant,**

v.

**Ada ROBINSON, Appellee.**

No. 5–2999.

Supreme Court of Arkansas.

June 3, 1963.

Spencer & Spencer, El Dorado, for appellant.

Brown, Compton & Prewett, El Dorado, for appellee.

WARD, Justice.

This litigation concerns the ownership of an undivided one-eighth interest in the mineral rights in forty acres of land described as the northeast quarter of the southwest quarter of Section 4, Township 17 south, Range 12 west. Set out below is a brief explanation of how the issue of ownership arose.

Appellant, Ellen P. Ketchum, is the daughter of H. R. Ketchum (hereafter referred to as Ketchum) and appellee, Ada Robinson, is the wife of J. F. Robinson (hereafter referred to as Robinson). In 1922 Ketchum, who lived in Tulsa, and Robinson, who lived in El Dorado, entered

into an oral agreement whereby Ketchum was to furnish the money and Robinson was to obtain oil and gas interests, each to have half of the resulting profits. As per agreement, the leases were taken in the name of (or were transferred to) Ketchum who was then to assign to Robinson his proper share. When this joint enterprise terminated about 1924 or 1925, Robinson prepared for Ketchum's signature an instrument purporting to convey to Robinson his share of the interest. Ketchum signed the instrument (apparently) relying on its being fair and just. However, according to the record, Ketchum had previously deeded all his interest in this particular forty to appellee.

In 1937 Ketchum (evidently believing he had been deceived into deeding to Robinson more than his share of the mineral interests) filed in the clerk's office a declaration of interest in several parcels of land, including the forty in question. Soon thereafter he filed a complaint in chancery court, alleging fraud, to recover part of the interests he had previously conveyed to Robinson. It is noted, however, that the questioned forty was *not* included in said complaint. That suit resulted in a default decree in favor of Ketchum, but again the questioned forty was *not* included in the decree. Ketchum admits (in this case) that he knew of the omission at the time. Consequently the result of the 1937 decree was to leave the record title of the questioned oil interest in appellee.

In 1951 Ketchum conveyed an oil interest in the questioned forty to appellant (his daughter) and that interest is the subject of the present litigation.

When oil and gas was discovered on the questioned forty, the production company filed an interpleader in chancery court, setting out the conflict of interest between appellant and appellee (together with other matters not pertinent to this appeal), asking for authorization to pay royalties into court for distribution to the persons found to be entitled thereto. The issue was joined by

proper pleadings and submitted to the trial court upon certain exhibits and the testimony of only one witness—H. R. Ketchum.

The trial court entered a decree in favor of appellee, after making the following findings of fact: Ketchum kept no records of his dealings with Robinson and so could only testify from memory; the interest in the forty acres involved was acquired by Robinson about twenty months before he formed a partnership with Ketchum; the interest in the forty was conveyed to Ketchum on November 21, 1922 by Robinson and on the same day it was conveyed by Ketchum to appellee; and, the declaration of interest (in the said forty) filed by Ketchum was a self serving instrument. Some of the above findings are not challenged and all of them, we think, are in accord with the weight of the evidence.

Appellant presents a forceful argument to the effect that the questioned forty was part of the partnership assets; that Ketchum and Robinson were to share equally; that Robinson deceived Ketchum into deeding away the interest in the said forty; that it was merely an oversight on the part of Ketchum in leaving the forty out of the 1937 suit; and, that, in the face of all these things, Robinson was under a duty to explain his innocence, but failed to do so. In support, appellant cites extensively from 31 C.J.S. Evidence, Suppression or Withholding of Evidence, § 156 and from Smith v. Wheat, 183 Ark. 169, 35 S.W.2d 335, to the general effect that the unexplained failure or refusal of a party to produce evidence exclusively within his knowledge gives rise to an inference unfavorable to such party. In our opinion the above announced principle has no application, and certainly is not controlling, under the facts of this case. In the 1937 suit, insofar as this particular forty is concerned, neither Robinson or appellee was under any obligation to defend the title because it was not involved. Nor do we think there was any obligation on appel-

lee, in the present case, to divulge information to help appellant. Appellee held a clear record title to all the questioned mineral interest and the burden was on appellant (not appellee) to show it should be set aside. In the opinion of the trial court, appellant has not met that burden, and we agree. In fact there is no proof or contention that Robinson induced Ketchum to execute the deed to appellee on November 21, 1922.

The trial court also found that if appellant and her father had any interest in the property involved they waited too long to assert it. We find it unnecessary to discuss that particular finding, but this does not necessarily mean we disagree with it.

Affirmed. ·